(92 App. Div. 249.)

### McMANN v. BROWN.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. TRIAL—NOTE OF ISSUE—TIME OF FILING.

> Under Code Civ. Proc. § 977, providing for the service of notice of trial,
> and the filing of a note of issue by the party serving the notice, a note
> of issue filed before the cause has been noted for trial is ineffectual.

2. SAME—DELAY IN SECURING TRIAL—DISMISSAL OF COMPLAINT—EXCUSE.

> Under Code Civ. Proc. § 822, providing for the dismissal of the com-
> plaint where plaintiff unreasonably neglects to proceed in the action, and
> general rules of practice No. 36, providing that, where plaintiff fails to
> bring a jury issue to trial, defendant, at any time after younger issues
> shall have been tried in the regular order, may move for the dismissal
> of the complaint, mere "inadvertence" is not an adequate excuse for a
> delay of over three years, nor does it furnish any basis for the exercise
> of judicial discretion in refusing to dismiss the complaint.

Appeal from Special Term, New York County.

Action by Thomas R. McMann against Edward A. Brown. From
an order denying a motion to dismiss the complaint, defendant appeals.
Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Philip A. Rorty, for appellant.
C. F. Goddard, for respondent.

McLAUGHLIN, J. Defendant appeals from an order denying a
motion to dismiss the complaint on the ground that plaintiff has un-
reasonably neglected to prosecute the action. The facts upon which
defendant claimed he was entitled to have the complaint dismissed are
similar to those stated in Fisher Malting Co. v. Brown (decided here-
with) 87 N. Y. Supp. 37, and it is therefore unnecessary to restate
them. In the affidavit of the plaintiff's attorney used in opposition to
the motion the statement is made that a note of issue was filed on
the 22d day of August, 1902, but the fact is not denied that no notice

of trial was served until October, 1903, and until after the motion to dismiss was made. The note of issue filed was ineffectual because the action had not then been noticed for trial. Section 977, Code Civ. Proc. No excuse was given for the delay, except the bare statement that through "inadvertence" the notice of trial was not sooner served. If the mere statement of "inadvertence" is to be treated as furnishing an adequate excuse for a delay of over three years, then section 822 of the Code of Civil Procedure and rule 36 of the general rules of practice serve little purpose. Such a statement alone furnishes no basis whatever for the exercise of judicial discretion. No excuse for the neglect to prosecute the action was given by plaintiff, and for the reasons stated in the opinion delivered in Fisher Malting Co. v. Brown, above cited, the motion to dismiss the complaint should have been granted.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs of the action and $10 costs of the motion. All concur.

---

(92 App. Div. 291.)

### KLIMPL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. STREET RAILWAYS—PERSONS DRIVING TEAMS—INJURIES—QUESTIONS FOR JURY.

2. SAME—DEGREE OF CARE—INSTRUCTIONS.

3. SAME—CURE OF ERRORS.

Appeal from Trial Term, New York County.