BROWN v. GAUSS et al.

(Supreme Court, Appellate Term.    October 27, 1905.)

DISMISSAL AND NONSUIT—WANT OF PROSECUTION.

   Inadvertence and the fact that one of plaintiff's attorneys did not know that a cause was not on the calendar were not a sufficient excuse for a failure for upwards of two years to bring a cause to trial, to require the court then to permit its further prosecution, even on terms, and such a cause was properly dismissed.

   [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, §§ 140–145.]

Appeal from City Court of New York, Special Term.

Action by John E. Brown against Frederick Gauss and others. From orders granting defendants' motion for dismissal and denying plaintiff's motion to compel acceptance of notice of trial, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Terry Smith, for appellant.
Carlton B. Pierce, for respondents.

BISCHOFF, J.    For upwards of two years after joinder of issue the plaintiff omitted all steps toward bringing the cause to trial, and upon this appeal from an order dismissing the action, as well as from an order denying his motion to compel the acceptance of notice of trial, it is contended that the court's discretion should have been exercised favorably to the plaintiff so far as to permit the further prosecution of the action upon terms. If the rule applied in McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38, is to have any effect, the papers before us require its application. No better excuse for the neglect to proceed is furnished here than was present there, since the assertion of "inadvertence" is not given any added value through the averment of one of plaintiff's attorneys that he did not know of the fact that the case was not on the calendar. At best this simply suggests that there was more than one inadvertent mind, but nothing is alleged to

excuse the omission in either instance. The rule which calls for some reasonable excuse to avoid a dismissal for neglect to proceed is a salutary one, and there was no error in its application by the court.

Orders severally affirmed, with $10 costs and disbursements. All concur.