### MINTZ v. GOLDBAUM et al.

(City Court of New York, Special Term. March, 1910.)

1. TRIAL (§ 7*)—NOTE OF ISSUE—SUFFICIENCY—MOTION TO STRIKE.

Under Code Civ. Proc. § 3162, requiring a note of issue to be filed at least two days before the day or commencement of the term for which notice of the trial is given, and that it shall state the day and term for which notice of trial had been given, a note of issue filed before notice of trial is not a compliance with the statute, and a motion to strike the cause is proper, though notice of trial was thereafter given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 19, 20; Dec. Dig. § 7.*]

2. COSTS (§ 276*)—PAYMENT—STAY OF PROCEEDINGS.

Though as a rule the court will not impose costs on the denial of a motion to advance cases to the short cause calendar, yet where such an order is made and remains unreversed, all proceedings on the part of the party against which the costs are imposed must be stayed until the costs are paid, as provided by Code Civ. Proc. § 779.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

Action by Solomon Mintz against Gershon Goldbaum and another. Motion to strike cause from general calendar. Motion granted.

S. Feuchtwanger, for plaintiff.
Samuel Goldman, for defendants.

FINELITE, J. This is a motion to strike this cause from the general calendar and day calender of this court on the ground that the note of issue herein was filed without a notice of trial having been first duly served, and on the further ground that said note of issue does not state the term or day for which it was noticed, and on the further ground that all further proceedings in this action be stayed until the costs awarded to the defendant by an order made by one of the justices of this court denying a motion made by the plaintiff herein to advance this case to the short cause calendar be first paid.

The note of issue which was filed placing this case upon the calendar reads as follows:

"Plaintiff's attorney, Joseph Wilkenfeld; defendant's attorney, Samuel Goldman. Issue joined October 26, 1908. Plaintiff's note of issue. Filed 4th November, 1909."

It is defective in that it does not state the day or term for which the notice has been given. Section 3162, Code Civ. Proc. No notice of trial had been served preceding the filing of the note of issue. A notice of trial was served on the 10th day of December, 1909, noticing the cause for trial for the 21st day of December, 1909. Thereafter, and on the 4th day of January, 1910, a new notice of trial was served, noticing this case for trial for the 10th day of January, 1910; but no

---

note of issue was filed pursuant to said last notice of trial. Section 3162, supra, which requires "a note of issue to be filed at least two days before the day or commencement of the term for which the notice of the trial or hearing is given," is not complied with where a note of issue of fact or law is filed prior to the notice of trial and prior to the term for which the notice is thereafter given, as the same section provides that such a note of issue must state the day and term for which the notice of trial has been given.

The plaintiff failed to comply with the section quoted; but, after the filing of the first note of issue, he then served two notices of trial, as hereinabove stated. This practice is not sanctioned under the following authorities: Miner v. Galvanotype Engraving Co., 30 Misc. Rep. 200, 61 N. Y. Supp. 1102; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38. The motion must therefore be granted; but, as the attorney who now appears of record states that he was substituted as attorney for the plaintiff after the note of issue had been filed by a previous attorney and noticed for trial as aforesaid, the court will not impose as a condition for the denial of this motion any costs.

It further appears from the moving papers that a motion had heretofore been made to advance this case to the short cause calendar, and that the same question was raised which is now raised upon this motion to strike this cause from the calendar, and which resulted in an order being made by one of the justices of this court on the 28th day of January, 1910, denying such motion, with $10 costs. As the costs have not been paid, these proceedings must be stayed until the costs under said order are paid. Section 779, Code Civ. Proc. As a rule this court, in the denial of motions to advance cases to the short cause calendar, very seldom imposes costs on the denial of such motions; but, as the order is in full force and effect imposing the costs, the court must follow it until it is appealed and reversed.

Motion granted. Settle order on one day's notice.