NORMAN SEYMOUR, as Ancillary Administrator, etc., of JAMES R. GASSAWAY, Deceased, Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

*Dismissal for a neglect to prosecute — ill-health of the plaintiff's attorney.*

The fact that an action has been at issue and untried for almost six years, and that younger issues have been tried, is *prima facie* evidence of an unreasonable neglect to prosecute.

A vague statement that the plaintiff's attorney's ill-health for several years was the cause of the delay, neither the character of the illness nor its extent being stated, and it not appearing that the attorney was prevented from practicing his profession or attending to business generally, does not justify a denial of a motion to dismiss because of a failure to prosecute.

The filing of a note of issue and the service of a notice of trial, shortly before the motion, are not of any importance in the matter.

APPEAL by the defendant, The Lake Shore and Michigan Southern Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of June, 1896, denying the defendant's motion to dismiss the complaint in the action.

*George Zabriskie,* for the appellant.

*George W. Carr,* for the respondent.

BARRETT, J.:

The defendant made out a *prima facie* case of unreasonable neglect to prosecute. The action remained at issue for nearly six years without any step having been taken by the plaintiff to bring it to trial. Unreasonable neglect having thus been shown, the burden of excusing the neglect was thrown upon the plaintiff. Under rule 36 of the General Rules of Practice, the defendant was authorized to move for a dismissal at any time after younger issues had been tried in their regular order. The rule thus in substance provides that unreasonable neglect within section 822 of the Code of Civil Procedure is *prima facie* neglect to bring the action to trial according to the course and practice of the court before younger issues have been tried in their regular order. The defendant moving to dismiss may rest upon proof of the neglect thus defined. The rule then throws upon the plaintiff the burden of making it

appear to the court that such neglect was not unreasonable. The plaintiff in the present case has failed to make this appear. The only excuse he gives is contained in the vague statement that the action would have been tried long since but for the ill-health of his attorney "for several years." The attorney adds that, but for his continued ill-health for several years past, he "would have earlier pressed the case for trial." Neither the character of this illness nor its extent is stated. It does not appear that it has prevented the attorney from practicing his profession or attending to business generally. If such a vague and general statement is to be treated as affording an adequate excuse for long-continued inaction, the rule might as well be rescinded. Such a statement furnishes no basis for the exercise of judicial discretion. It presents nothing but the affiant's mental retrospect and self-persuasion thereupon. But the rule requires that he should make it appear to the court that his neglect to bring this case to trial for nearly six years was not unreasonable; and this he has entirely failed to do.

His condition is not bettered by the filing of a note of issue, and the service of a notice of trial shortly before the defendant made its motion to dismiss. These acts simply evince present readiness to proceed. They have no bearing upon the past neglect and they certainly do not tend to excuse it.

The defendant says that it has lost its witnesses by the delay. This may or may not be so. It was to prevent the possibility of such incidents, and to compel diligence in legal procedure, that the practice was instituted. We deem it our duty to apply the statute and the rule of practice with reasonable fairness. Looseness in their enforcement would inevitably lead to an increase of the mischief which the Legislature and the judges in convention aimed to lessen.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss granted, with costs of the action and ten dollars costs of the motion.

RUMSEY, WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss granted, with costs of the action and ten dollars costs of the motion.