SEYMOUR v. LAKE SHORE & M. S. RY. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

1. DISMISSAL OF ACTIONS—UNREASONABLE NEGLECT.
    A delay of six years in bringing a cause at issue to trial, during which time younger issues have been tried in their regular order, is unreasonable neglect to prosecute (Code Civ. Proc. § 822), for which the action will be dismissed.

2. SAME—WHAT IS UNREASONABLE DELAY—ILL HEALTH OF ATTORNEY.
    An affidavit that the action would have been tried long since but for the continued ill health of the attorney is insufficient, in the absence of anything showing the character or degree of the illness, to remove the presumption of unreasonable neglect arising from a delay of six years in bringing a cause at issue to trial, during which time younger issues have been tried in their regular order.

3. SAME—NOTICE OF TRIAL.
    The presumption of excusable neglect arising from delay in bringing an action to trial is not removed by the fact that just prior to a motion to

dismiss the action, because of such delay, it was noticed for trial by the plaintiff.

Appeal from special term, New York county.

Action by Norman Seymour, ancillary administrator of the estate of James Gassaway, deceased, against the Lake Shore & Michigan Southern Railway Company. From an order denying a motion to dismiss the complaint, the defendant appeals. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

George Zabriskie, for appellant.

George W. Carr, for respondent.

BARRETT, J. The defendant made out a prima facie case of unreasonable neglect to prosecute. The action remained at issue for nearly six years, without any step having been taken by the plaintiff to bring it to trial. Unreasonable neglect having thus been shown, the burden of excusing the neglect was thrown upon the plaintiff. Under rule 36 of the general rules of practice, the defendant was authorized to move for a dismissal at any time after younger issues had been tried in their regular order. The rule thus, in substance, provides that unreasonable neglect, within section 822 of the Code of Civil Procedure, is, prima facie, neglect to bring the action to trial according to the course and practice of the court before younger issues have been tried in their regular order. The defendant moving to dismiss may rest upon proof of the neglect thus defined. The rule then throws upon the plaintiff the burden of making it appear to the court that such neglect was not unreasonable. The plaintiff in the present case has failed to make this appear. The only excuse he gives is contained in the vague statement that the action would have been tried long since but for the ill health of his attorney "for several years." The attorney adds that, but for his continued ill health for several years past, he "would have earlier pressed the case for trial." Neither the character of this illness nor its extent is stated. It does not appear that it has prevented the attorney from practicing his profession, or attending to business generally. If such a vague and general statement is to be treated as affording an adequate excuse for long-continued inaction, the rule might as well be rescinded. Such a statement furnishes no basis for the exercise of judicial discretion. It presents nothing but the affiant's mental retrospect and his self-persuasion thereupon. But the rule requires that he should make it appear to the court that his neglect to bring this case to trial for nearly six years was not unreasonable; and this he has entirely failed to do. His condition is not bettered by the filing of a note of issue, and the service of a notice of trial, shortly before the defendant made its motion to dismiss. These acts simply evince present readiness to proceed. They have no bearing upon the past neglect, and they certainly do not tend to excuse it.

The defendant says that it has lost its witnesses by the delay. This may or may not be so. It was to prevent the possibility of

such incidents, and to compel diligence in legal procedure, that the practice was instituted. We deem it our duty to apply the statute and the rule of practice with reasonable fairness. Looseness in their enforcement would inevitably lead to an increase of the mischief which the legislature and the judges in convention aimed to lessen.

The order should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs of the action and $10 costs of the motion. All concur.