GUISEPPE ZAFARANO, Respondent, *v.* WILLIAM P. BAIRD, Appellant.

*Motion to dismiss an action for the failure of the plaintiff to prosecute it — granted where five years have elapsed without excuse by the plaintiff.*

Where, on a motion to dismiss the complaint in an action to recover damages for personal injuries because of the plaintiff's unreasonable neglect to prosecute the action, it appears that more than five years have elapsed since issue was joined and the case noticed for trial, and that during such time the plaintiff has taken no steps to bring the issue to a hearing and that younger, similar issues have been tried, the court should, in the absence of any explanation of the delay on the part of the plaintiff, dismiss the complaint and should not deny the motion on condition that the plaintiff should file a note of issue and serve a notice of trial for the next term of the court.

APPEAL by the defendant, William P. Baird, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of January, 1903, denying the defendant's motion for the dismissal of the action on the ground of plaintiff's unreasonable neglect to prosecute the same.

*J. Woolsey Shepard*, for the appellant.

*Abraham Nelson*, for the respondent.

LAUGHLIN, J.:

The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The summons was served on the 27th day of July, 1897, and issue was joined on the 8th day of October of the same year. On the 29th day of October, 1897, the plaintiff noticed the action for trial for the following December term, and the defendant also noticed it for trial at that term. The plaintiff failed to file a note of issue for the term for which he noticed the case for trial, or for any subsequent term, and it has never been placed upon the calendar. More than five years have elapsed since issue was joined and the case noticed for trial, and during this time the plaintiff has taken no steps to bring the issue to a hearing. Later similar issues have been tried. The defendant, upon affidavits showing these facts, moved for an order dismissing the complaint. The

plaintiff presented no affidavit explaining his neglect to prosecute. The court denied the motion upon condition that plaintiff file a note of issue and serve a notice of trial for the February term, 1903, and, on his failure to do so, it was ordered that the motion be granted, with ten dollars costs. Section 822 of the Code of Civil Procedure and rule 36 of the General Rules of Practice authorizes the dismissal of a complaint where the plaintiff unreasonably neglects to proceed in the action. The defendant fairly established a *prima facie* case of neglect on the part of the plaintiff to proceed with the action within this Code provision and rule, and the plaintiff was called upon to explain his apparent negligence and unreasonable neglect, or submit to a dismissal. (General Rules of Practice, rule 36; *Seymour* v. *Lake Shore & M. S. R. Co.*, 12 App. Div. 300; *James* v. *Shea*, 28 Hun, 74.) The appellant's motion, therefore, should have been granted.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for judgment dismissing the complaint with costs should be granted, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.