(92 App. Div. 251.)

## FISHER MALTING CO. v. BROWN.

(Supreme Court, Appellate Division, First Department.   March 11, 1904.)

1. TRIAL—PROSECUTION—UNREASONABLE NEGLECT—PRIMA FACIE CASE.

Under Code Civ. Proc. § 822, providing for the dismissal of the complaint where plaintiff unreasonably neglects to proceed in the action, and General Rules of Practice, No. 36, providing that, where plaintiff fails to bring a jury issue to trial, defendant, at any time after younger issues shall have been tried in the regular order, may move for the dismissal of the complaint, the failure of plaintiff to do anything to bring the action to trial for upwards of three years, younger issues having in the meantime been tried in the regular order, makes out a prima facie case of unreasonable neglect to proceed in the action, and throws the burden of excusing the same on the plaintiff.

2. SAME—EXCUSES—SUFFICIENCY.

A statement, in an affidavit in opposition to a motion to dismiss the complaint for unreasonable neglect in pressing trial, that the action is on the general calendar, and that notice of trial has been served on behalf of plaintiff, does not tend to excuse the neglect, where it is not denied that the notice of trial, without which, under Code Civ. Proc. § 977, the action cannot be placed on the calendar, was served after the motion was made to dismiss.

Appeal from Special Term, New York County.

Action by the Fisher Malting Company against Edward A. Brown. From an order denying a motion to dismiss the complaint, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Philip A. Rorty, for appellant.

C. F. Goddard, for respondent.

McLAUGHLIN, J.   This action was commenced in May, 1900, by the personal service of a summons and complaint, and issue was joined therein by the service of an amended answer on the 21st of August, 1900.   No further steps appear to have been taken until a motion was made, which resulted in the order appealed from to dismiss the complaint upon the ground that the plaintiff had unreasonably neglected to proceed in the action.   The plaintiff's attorney then noticed the cause for trial, and filed a note of issue.   The motion was denied, and defendant appeals.

The fact is uncontradicted that after issue had been joined the plaintiff, for upwards of three years, did nothing whatever to bring the action to trial, and in the meantime younger issues have been tried in their regular order.   These facts, under section 822 of the Code of Civil Procedure and rule 36 of the general rules of practice, made out a prima facie case of unreasonable neglect to proceed in the action. Unreasonable neglect having been shown, the burden of excusing the same was thrown upon the plaintiff, but in the affidavit used in opposition to the motion no explanation whatever was either given or attempted.   The statement is there made that the action is upon the general calendar, and that a notice of trial has been served on behalf of the plaintiff for the first Monday of November, 1903, but the fact is not

denied that the notice of trial was served after the motion was made to dismiss, and the action could not have got upon the calendar until such notice was served. Section 977, Code Civ. Proc. These acts, therefore, do not tend in the slightest degree to excuse and have no bearing whatever upon the neglect for which the defendant asked to have the complaint dismissed. The facts being uncontradicted, and no explanation given for the delay, we think the motion should have been granted. The defendant fairly established a prima facie case of neglect on the part of the plaintiff to proceed with the action within the section of the Code and rule above cited. Seymour v. Lake Shore & M. S. R. Co., 12 App. Div. 300, 42 N. Y. Supp. 92; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs of the action, and $10 costs of the motion. All concur.

