(51 Misc. Rep. 227.)

### WATSON v. LOOMIS et al.

(Supreme Court, Special Term, Oswego County. June, 1906.)

DISMISSAL—FAILURE TO PROSECUTE.

An action was brought on a contract made nearly 20 years previously. One of the defendants was never served with process, and died 10 years after suit was brought. After several postponements of the trial of issues arising on the answer of the other defendant, for nearly 10 years neither party took any proceedings therein. Plaintiff's attorney requested the defendant, whose attorney had died, to have another appointed, and the cause was placed on the calendar for trial. No process had been served on another defendant. *Held*, that no excuse being shown for delay, a motion of the defendant who answered to dismiss for failure to prosecute should be granted.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Dismissal and Nonsuit, §§ 140, 141.]

Action by James T. Watson against William K. Loomis and others. Motion to dismiss complaint for failure to prosecute granted.

William R. Loomis, for the motion.
D. E. Powers, opposed.

DEVENDORF, J. This action was commenced in 1893, and issue was joined therein as to defendant William K. Loomis, March 27, 1894. The action is based upon a contract executed June 22, 1872; the summons herein was not served upon the defendant William R. Guile, one of the parties of the second part named in said contract, and there has been no appearance on his part. The action was noticed for trial by the plaintiff for the Oswego Special Term held September 18, 1894, and again for the Special Term of March 12, 1895; subsequently the defendants Loomis noticed the cause for trial at Special Term September 15, 1896, and thereafter the attorneys agreed that the action might pass the September term of 1897. Since September, 1896,

neither party has moved the case in any way, or taken any proceedings therein until July, 1905, when the plaintiff's present attorney requested defendant Loomis to have an appearance in the case, as his former attorney, John E. Church, had died in 1903; thereafter the cause was placed on the calendar by the plaintiff, for trial at the Oswego Special Term for September, 1905. It appeared, at that term, that no service had ever been made upon the defendant Guile, who had died in 1904; consequently the case went off the calendar upon that state of facts.

The defendants Loomis now move to dismiss the complaint as to them. I am unable to say that the plaintiff has shown any reason why the defendants' motion should not prevail. It is true the plaintiff by affidavit avers that the cause was postponed from term to term by his attorneys by stipulation with John E. Church, the attorney, for the defendants Loomis, but does not produce a letter or written stipulation to substantiate that statement, neither does he give the facts with reference to such postponements; hence I do not give it any weight on this motion. Perhaps his attorney stated to him that it was by consent; but, as the respective attorneys lived some distance from each other, it is quite natural to presume that, had there been a stipulation, it would have been by letter, or in writing, and would be found with the papers in the case. The defendant Loomis' original attorney, the record shows, has been dead since 1903; the codefendant, Guile, was never served, and is now dead, and I believe that the discretion of the court should be exercised in defendants' favor upon this motion, considering the showing in the case. I do not think a sufficient excuse for this long delay on the part of the plaintiff has been shown. Absolutely nothing was done from 1897 until 1905. Unreasonable neglect has thus been shown, and the burden of excusing it is upon the plaintiff. I do not think he has discharged that burden. He has not shown that his neglect was not unreasonable, and consequently must fail on this motion. Seymour v. Lake Shore & M. S. R. Co., 12 App. Div. 300, 42 N. Y. Supp. 92; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38; Jacot v. Marks, 46 App. Div. 531, 61 N. Y. Supp. 1040.

Under rule 36 of the general rules of practice, the defendant was authorized to move for a dismissal at any time after younger issues had been tried in their regular order. Under section 821 of the Code, where, in an action against two or more defendants, the plaintiff unreasonably neglects to serve the summons upon one or more of them, without whose presence a complete determination of the controversy cannot be had, the court may, in its discretion, upon the application of a defendant, who has appeared in the action, dismiss the complaint as against him; and it is further provided by section 822 of the Code that, where the plaintiff unreasonably neglects to proceed in the action against the defendant or one or more defendants against whom a separate judgment may be taken, the court may, in its discretion, upon the application of the defendant or defendants, or any of them, against whom he so neglects to proceed, dismiss the complaint as against the moving party or parties and render judgment accordingly.

The showing on this motion clearly brings this case within the line

of the rule of practice and sections of the Code above referred to, and a proper disposition of the motion, requires that it be granted, with costs of the action, and $10 costs of this motion.

Motion granted, with $10 costs.