. ANDERSON v. V. J. HEDDEN & SONS CO.

(Supreme Court, Appellate Division, First Department.  December 7, 1906.)

DISMISSAL AND NONSUIT—GROUNDS—WANT OF PROSECUTION.

    Where, in an action for personal injuries, the case was not placed on the calendar for over three years after issue was joined and no affidavit was presented excusing the neglect of the plaintiff, a motion to dismiss for failure to prosecute the action should have been granted unconditionally.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

Appeal from Special Term, New York County.

Action by Alfred T. Anderson against the V. J. Hedden & Sons Company.  From an order denying a motion to dismiss the complaint for failure to prosecute the action except in the event of failure of the plaintiff to pay $10 costs of the motion and to place the cause on the trial term calendar for October, defendant appeals.  Reversed, and motion granted.

Argued before PATTERSON, INGRAHAM, CLARKE, SCOTT, and LAUGHLIN, JJ.

Louis Cohn, for appellant.
William S. Bennett, for respondent.

LAUGHLIN, J.  The motion should have been granted unconditionally.  The action is to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.  Issue was joined on the 31st day of August, 1903.  At the time the motion was made, the case was not upon the calendar, and had never been placed upon the calendar, and issues of a later date in actions of the same nature, not preferred, had been duly reached and tried.  No affidavit was presented, in opposition to the motion, excusing the neglect of the plaintiff to notice the case for trial, file a note of issue, and move it for trial.  The court denied the motion upon a condition that the plaintiff pay $10 costs and notice the case and file a note of issue for the October term, but, in the event of his failure so to do, the order provided that the motion should be granted with $10 costs.

The learned counsel for the plaintiff states in his points that, upon the case being placed upon the October term, it will be reached for trial as soon as if it had been upon the old calendar, barring the few days toward the end of the June term when it might have been reached if then on the calendar, and it may be that that is the theory upon

which the court imposed the conditions instead of granting the motion unconditionally. Such, however, is not the practice in this department. The cases on the old calendar stood at the head of the October calendar, and, even if the plaintiff complied with the conditions of the order, this case could not be reached until after the issues that were upon the old calendar are disposed of. There is therefore nothing in the suggestion to which reference has been made which can either operate as an excuse for the plaintiff's failure to bring the issue to trial, or that shows that the trial of the issue has not been delayed to the prejudice of the defendant. Under rule 36 of the general rules of practice and the decisions of this court (Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46; Seymour v. Lake Shore & M. S. R. R. Co., 12 App. Div. 300, 42 N. Y. Supp. 92), it was the duty of the Special Term, on the undisputed facts, to dismiss the complaint.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.