St. Paul's Church in the Town of Eastchester, in the County of Westchester and State of New York, Respondent, *v.* The Mount Vernon Suburban Land Company, Appellant.

Second Department, April 19, 1907.

**Practice — action dismissed for neglect to prosecute — affidavit not excusing delay.**

When a plaintiff has failed to bring a cause to trial for eleven years following the date of issue, the action will be dismissed for unreasonable neglect to prosecute unless the neglect be excused by the plaintiff.

An affidavit by the plaintiff's attorney stating that the action was not brought to trial because he was under the impression that a practical adjustment of the controversy had been made is insufficient as establishing an excuse, especially when there are counter affidavits stating that no attempt at compromise was ever made.

Appeal by the defendant, The Mount Vernon Suburban Land Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 6th day of February, 1907, denying the defendant's motion to dismiss this action because of the unreasonable neglect to proceed therewith on the part of the plaintiff.

*James C. de La Mare*, for the appellant.

*Arthur M. Johnson*, for the respondent.

Rich, J.:

It is undisputed that this action was commenced 'on March 8, 1894, and issue joined by the service of an amended answer on March 6, 1895, since which time no effort has been made by the plaintiff to bring the issues to trial until after the service of notice of the defendant's motion. These facts established a *prima facie* case of unreasonable neglect, and threw the burden of excusing such neglect upon the plaintiff. (*Seymour* v. *Lake Shore & M. S. R. Co.*, 12 App. Div. 300; *McMann* v. *Brown*, 92 id. 249; *Fisher Malting Co.* v. *Brown*, Id. 251; *Zafarano* v. *Baird*, 80 id. 144.) The only explanation of this long delay of more than

eleven years is found in the affidavit of the plaintiff's attorney, in these words · " After the action was commenced, as I recall, there were some conferences between the representatives of the parties, from which I understood that there had been a practical understanding reached. * *. *   I permitted the action to remain in abeyance and did not bring it to trial, because I was under the impression that such practical adjustment of the matter had been made. * * *   I am confident that the long delay has resulted solely from the expectation that the matter of such line would be adjusted amicably between the parties. . It is evident that from some cause I was acting under a misapprehension, believing that such adjustment had practically been accomplished." The affidavit shows only the recollection of the plaintiff's attorney as to what he understood and the impressions he derived therefrom. He admits he was acting under a misapprehension. No fact is shown justifying his belief that there had been any conference, understanding or agreement between the parties looking to an adjustment of their differences. The legal effect of the statements contained in the affidavit at most presents nothing but the affiant's mental retrospect and self-persuasion therefrom, which, in the cases cited, was held to furnish no basis for the exercise of judicial discretion and to not justify a denial of a motion to dismiss. In addition, it appears from the affidavits of the defendant's dockmaster, in charge of its entire property for fifteen years, who was familiar with the action and the various matters connected with it, and of its president and secretary, that for ten years after the commencement of the action, and down to the time the defendant was commencing proceedings to dismiss the complaint, there was never any attempt made to compromise or adjust the matter in dispute between the parties, or any conferences or conversations with reference thereto.

The burden resting upon the plaintiff has not been met, and the order must be reversed, with ten dollars costs and disbursements, and the motion to dismiss granted, with costs.

HIRSCHBERG, P. J., WOODWARD, JENKS and MILLER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss granted, with costs.