(119 App. Div. 45)

ST. PAUL'S CHURCH IN TOWN OF EASTCHESTER v. MT. VERNON SUBURBAN LAND CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. DISMISSAL—WANT OF PROSECUTION—PRIMA FACIE CASE—BURDEN OF PROOF.
    Where issue was joined, and thereafter no effort was made by plaintiff to bring the issues to trial until after the service of notice of defendant's motion to dismiss for want of prosecution, more than 11 years thereafter, such facts established a prima facie case of unreasonable delay, which required plaintiff to bear the burden of excusing the same in resistance of a motion to dismiss on that ground.

2. SAME—EXPLANATION—EVIDENCE.
    Where, on an application to dismiss because of delay of more than 11 years in bringing a case to trial, the only explanation was an affidavit by plaintiff's attorney that it was his recollection that he understood the parties had practically reached an understanding and that the case would be adjusted amicably, but a witness for defendant who was familiar with the matter testified that for 10 years after the commencement of the action there was never any attempt to adjust the matter, or any conferences beween the parties, the showing was insufficient to excuse the delay.

Appeal from Special Term, Westchester County.

Action by St. Paul's Church in the Town of Eastchester, in the county of Westchester and state of New York, against the Mt. Vernon

Suburban Land Company. From an order denying defendant's motion to dismiss the action for unreasonable neglect to proceed therein, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James C. De La Mare, for appellant.

Arthur M. Johnson, for respondent.

RICH, J. It is undisputed that this action was commenced on March 8, 1894, and issue joined by the service of an amended answer on March 6, 1895, since which time no effort has been made by the plaintiff to bring the issues to trial until after the service of notice of the defendant's motion. These facts established a prima facie case of unreasonable neglect, and threw the burden of excusing such negelect upon the plaintiff. Seymour v. Lake Shore & M. S. R. Co., 12 App. Div. 300, 42 N. Y. Supp. 92; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38; Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510. The only explanation of this long delay of more than 11 years is found in the affidavit of the plaintiff's attorney, in these words:

"After the action was commenced, as I recall, there were some conferences between the representatives of the parties, from which I understood that there had been a practical understanding reached. * * * I permitted the action to remain in abeyance, and did not bring it to trial, because I was under the impression that such practical adjustment of the matter had been made. * * * I am confident that the long delay has resulted solely from the expectation that the matter of such line would be adjusted amicably between the parties. It is evident that from some cause I was acting under a misapprehension, believing that such adjustment had practically been accomplished."

The affidavit shows only the recollection of the plaintiff's attorney as to what he understood and the impressions he derived therefrom. He admits he was acting under a misapprehension. No fact is shown justifying his belief that there had been any conference, understanding, or agreement between the parties looking to an adjustment of their differences. The legal effect of the statements contained in the affidavit at most presents nothing but the affiant's mental retrospect and self-persuasion therefrom, which, in the cases cited, was held to furnish no basis for the exercise of judicial discretion and to not justify a denial of a motion to dismiss. In addition, it appears from the affidavits of the defendant's dock master, in charge of its entire property for 15 years, who was familiar with the action and the various matters connected with it, and of its president and secretary, that for 10 years after the commencement of the action, and down to the time the defendant was commencing proceedings to dismiss the complaint, there was never any attempt made to compromise or adjust the matters in dispute between the parties, or any conferences or conversations with reference thereto.

The burden resting upon the plaintiff has not been met, and the order must be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs. All concur.