Rich, J.:
It is undisputed that this action was commenced 'on March 8, 1894, arid issue joined by the seiwice of an amended answer on March 6, 1895, since which time no effort has been made by the plaintiff to bring the issues to trial until after the service of notice of the defendant’s motion. These facts established & prima facie case of unreasonable neglect, and threw the burden of excusing such neglect upon the plaintiff. . (Seymour v. Lake Shore & M. S. R. Co., 12 App. Div. 300; McMann v. Brown, 92 id. 249; Fisher Malting Co. v. Brown, Id. 251; Zafarano v. Baird, 80 id. 144.) The only explanation. of this long delay of more than *46 eleven years is found in the affidavit of the plaintiffs attorney, in these words “ After the action was .commenced, as<I.recall, there were some conferences between the representatives of the parties, from which! understood that there had been a practical understanding reached. * *■ * I permitted the action to remain' in abey anee and- did not bring i't to trial, because I was under the impression that such practical adjustment of, the matter had been made. . * * * I am confident that the long delay has resulted solely from the exp.ectátion that the matter- of such' line would be adjusted amicábly between the parties:.. It’is evident that from some canse I -. was acting -under a misapprehension, believing, that such adjustment had practically been accomplished.” The affidavit shows only the recollection of the .plaintiffs attorney as to what he understood and the impressions he derived'therefrom. He admits lie was, acting .under a misapprehension. Ho fact is shown justifying his belief that there had been any conference, Understanding or agree- ' ment between the parties looking to an adjustment of their differences, The legal effect-of the statements contained in the affidavit ' ■ at most presents nothing hut the affiant’s mental retrospect and self-persuasion Üierefrom-, which,-in the cases cited, was held to furnish-rib basis for the exercise of judicial discretion and- to not justify a . . denial of a motion to. dismiss. In addition, it appears from ■ the affidavits of the defendant’s dockmaster, _ in charge of its entire property for fifteen years, who was familiar with the action and .the various matters connected with it, and of its president and. secretary, . that for ten years after the commencement of the action, and down to the time the defendant was commencing proceedings to dismiss the complaint, there was never any attempt made to compromise or adjust the matter iii dispute between • the parties, or any conferences or conversations with reference thereto.
The burden resting upon the plaintiff has not been met, and the - order must be reversed, with fen dollars costs and -disbursements, and the motion to dismiss granted, with Costs.
Hibsohbeeg, P. J., Woodwabd, .Jenks and Milleb, . JJ., ■ concurred. , . -
Order reversed, with ten dollars costs and disbursements, and motion to dismiss.granted, with costs.