### BLEIBERG v. OTTENBERG.

(Supreme Court, Appellate Term. November 29, 1907.)

DISMISSAL AND NONSUIT—INVOLUNTARY DISMISSAL—WANT OF PROSECUTION.

Under Code Civ. Proc. § 822, and rule 36 of the General Rules of Practice, providing for dismissal of complaints for failure to proceed, where plaintiff served a summons and complaint, which was promptly answered,

and then waited four years and three months before bringing it up for trial, and until younger issues had been tried, giving as an excuse that he had been informed and believed that a note of issue was filed, and that he had made inquiries of a clerk of his attorney, who said that the calendar was moving slowly and it would take some time before the case was reached for trial, it is not sufficient to excuse the delay, and the action was properly dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

Gildersleeve, P. J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Max Bleiberg against Adolphus Ottenberg. From an order denying a motion to dismiss for want of prosecution, defendant appeals. Reversed, and action dismissed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Nadal & Carrere (Edward P. Mowton, of counsel), for appellant. Don R. Almy, for respondent.

LEVENTRITT, J. The facts disclosed on the motion called for an unconditional dismissal of the complaint. On April 8, 1903, the plaintiff suffered injuries in an accident which he charges to the defendant's negligence, and for the resulting damages he brought this action. The summons and complaint were served on May 7, 1903, and the defendant promptly interposed an answer on May 13th. After waiting four years and three months, the defendant moved to dismiss the action for failure to prosecute it, alleging the undisputed facts that the plaintiff had taken no steps to bring the cause to trial, had neither noticed it nor placed it on the calendar, and that unpreferred issues of November, 1904, had been regularly reached and tried. The plaintiff succeeded in defeating defendant's right to a dismissal by averring that after May 13, 1903, he "was informed and believed that a note of issue was filed," and that he "had made numerous inquiries" of a clerk in the office of his attorney, who informed him "that the calendar was moving along very slowly, and it would take some time before it was reached for trial." In opposing the application the plaintiff relied solely upon his own affidavit. The motion resulted in an order requiring the plaintiff, within 10 days, to pay $30 costs and to place the cause on the calendar, and directing, in default thereof, a dismissal of the complaint. That order is before us for review.

The explanation tendered by the plaintiff was accepted by the court below as sufficient to overcome the prima facie case of neglect established by the defendant. We are, however, of the opinion that the excuse presented was so unsubstantial that it did not furnish the basis for the exercise of judicial discretion vested by section 822 of the Code and rule 36 of the general rules of practice, which relate to the dismissal of complaints for failure to proceed. It has been uniformly held that, where no excuse is offered for unreasonable neglect to proceed with litigation, dismissal must ensue. Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; McMann v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 38; Anderson v. Hedden & Sons, 116 App. Div.

231, 101 N. Y. Supp. 585. Certainly the mere semblance of an excuse can have no greater virtue and will not justify a contrary result. Excuses based upon lack of funds with which to file the note of issue (Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46), or the ignorance of the attorney that it had not been filed (Brown v. Gauss [Sup.] 95 Supp. 538), or vague statements of the ill health of the plaintiff's attorney (Seymour v. Lake Shore & Michigan Southern Railway Co., 12 App. Div. 300, 42 N. Y. Supp. 92), having been pronounced ineffective to defeat dismissal. Here the explanation rests upon statements made on information and belief, without an attempt to account for the omission to furnish the affidavit of the informant, whose name is not even given; nor does the plaintiff apprise the court, even approximately, when the inquiries were made which resulted in the information which created the belief that the cause had been placed on the calendar. If such a vague and shadowy explanation is to be accepted as an adequate excuse for long-continued inaction, then the rule becomes a dead letter. The plea that the plaintiff was misled through misinformation received at some indefinite time from an unnamed clerk in the office of his attorney is but a mere pretext, not a genuine excuse. If such explanations are to be accepted, plaintiffs can try their causes at their pleasure and through prolonged inaction prejudice defendants by increasing the many risks to which they are exposed by delay.

The order should be reversed, the motion granted, and the complaint dismissed.

Order reversed, with $10 costs, and motion granted, with $10 costs.

ERLANGER, J., concurs.

GILDERSLEEVE, P. J. I dissent. This is an appeal from an order denying defendant's motion to dismiss the complaint for neglect to prosecute. While the court might, perhaps, have properly granted the motion, still, under the facts disclosed, it cannot be said to have been an abuse of the court's discretionary power to deny it. The plaintiff presented a fair excuse for his delay; i. e., the misconduct of his former attorney. The defendant himself does not seem to have shown any marked disposition to press the case for trial. To dismiss the complaint now would greatly prejudice the plaintiff. The court imposed terms as a condition for denying the motion, and upon the facts presented the order should be affirmed.