### REGAN v. MILLIKEN BROS. et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. DISMISSAL—NEGLECT TO PROSECUTE—DELAY IN BRINGING ACTION TO TRIAL.
    Code Civ. Proc. § 822, provides that, where plaintiff unreasonably neglects to proceed in an action, the court may in its discretion, upon application, dismiss the complaint, etc. Rule 36 of the Supreme Court provides that whenever an issue of fact has been joined, and plaintiff fails to bring it to trial, after younger issues have been tried in their regular order, defendant may move to dismiss; but, if it appears that the neglect has not been unreasonable plaintiff may be permitted to bring the action to trial at a future term. Nothing was done by plaintiff toward bringing an action to trial for three years after issue was joined, and after younger issues had been tried in their regular order. *Held*, that a

prima facie case of unreasonable neglect was established, requiring plaintiff to show a satisfactory excuse.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

2. SAME—EXCUSE FOR DELAY.

The fact that plaintiff's attorneys were copartners when they brought the action, and dissolved partnership about a year later, but had not agreed as to substitution in the action until a few weeks before the motion, was not sufficient to show that the delay was not unreasonable, nor to authorize the court to exercise its discretion in plaintiff's favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–152.]

Appeal from Special Term, Kings County.

Action by Patrick Regan against Milliken Bros. and another. From an order denying a motion to dismiss the complaint for neglect to prosecute, defendants appeal. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Louis Cohn, for appellants.

Taylor & McGinniss, for respondent.

RICH, J. This record presents an appeal by the defendants from an order of the Special Term denying their motion to dismiss the complaint for laches. It is not disputed that after issue joined the plaintiff for three years has done nothing towards bringing the action to trial, and in the meantime younger issues have been tried in their regular order. These facts, under section 822 of the Code of Civil Procedure and rule 36 of the Supreme Court, established a prima facie case of unreasonable neglect, and threw upon the plaintiff the burden of satisfactorily excusing the same. In the affidavit used in opposition to the motion the only reason asserted for the delay is that plaintiff's attorneys were copartners when they brought the action, and in June, 1905, dissolved, and until a few weeks before the motion was noticed had not agreed as to substitution in the action brought by them as copartners. This fact does not in any degree tend to excuse the delay, and does not meet the requirement of the rule that, before the court is authorized to exercise its discretion in favor of a negligent plaintiff, it must be made to appear that the neglect to bring the action to trial has not been unreasonable.

The order appealed from must be reversed, with $10 costs and disbursements, and the defendants' motion to dismiss the complaint granted. All concur, except HIRSCHBERG, P. J., not voting.