## TOHER v. LOCHINVAR REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. DISMISSAL—NEGLECT TO PROSECUTE—STATUTORY PROVISIONS AND COURT RULES.

Code Civ. Proc. § 822, provides that, where plaintiff neglects to prosecute an action, the court may in its discretion dismiss the complaint. Rule 36 of the Supreme Court provides that, whenever plaintiff has failed to bring an issue of fact to trial till after younger issues have been tried in their regular order, defendant may move to dismiss, but, if the neglect has not been unreasonable, plaintiff may bring the action to trial at a future term. An action was commenced in September, 1902, to foreclose a mechanic's lien, and issues joined against the owner in 1902, but not noticed for trial until July, 1905. In February, 1906, the case was set for trial for a day of that term, and on the call both sides answered "Ready," but it was not reached. In March, 1906, when the case was reached, defendant's attorney alone appeared, and the case was marked "Off." Plaintiff's attorney was promptly notified, but took no steps till October, 1907, when he had the case restored to the day calendar. Thereupon defendant moved for dismissal on proof that later issues had been tried in October, 1906, and that defendant was ready to try the case when it was first reached, and that it would be difficult, if not impossible, to collect the evidence it then had. An affidavit of plaintiff's attorney showed that the lien was bonded before the action was begun, that the sureties were made parties and had defaulted in pleading, and that he did not notice that the case was on the day calendar for March, 1906, until after it was marked "Off." Another affidavit for plaintiff showed that issue was not joined as to one of the sureties until April, 1905, owing to inability to pay cost of service by publication; that the motion to restore the cause to the day calendar was granted October 22, 1907; that the sureties conveyed away the property offered in justification almost immediately after they executed the bond; and that it was the intention of plaintiff to try the case without further delay. No excuse was offered for failure to bring the issue to trial before later issues were reached. *Held*, the complaint should be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–142.]

2. SAME—STRIKING FROM CALENDAR—FAILURE TO RESTORE—EFFECT.

The fact that the case was noticed for trial and placed on the day calendar does not avoid the application of the rule with respect to dismissal for failure to prosecute, in view of the fact that it was stricken from the day calendar and that plaintiff failed to seasonably move to restore it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 140–142.]

3. SAME—APPLICATION OF RULE—EQUITY CASES.
    The rule as to dismissal for neglect to prosecute applies to suits in equity, as well as to actions at law.

Appeal from Special Term.

Action by Owen Toher against the Lochinvar Realty Company and others. From an order denying a motion to dismiss the complaint for neglect to prosecute, the Lochinvar Realty Company appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Carlton P. Pierce, for appellant.
Henry K. Davis, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien, filed against real estate owned by the appellant. The notice of lien was filed on the 10th day of July, 1902, and the action was commenced on the 20th day of September thereafter. Issue was joined as against appellant on the 29th day of October, 1902. The issues were not noticed for trial by either party until the 11th day of July, 1905, when they were duly noticed for trial by the plaintiff for the Special Term commencing on the first Monday of October thereafter, and appellant duly served cross-notice of trial for the same time. On the 9th day of February, 1906, the case appeared on the Special Term call calendar, and the attorneys for the defendant had it set down for the 23d day of the same month. On the 26th day of February, 1906, the case appeared on the day calendar, both sides answered "Ready," and it was marked "Ready," but was not reached. On the 5th day of March, 1906, the case was reached on the day calendar. The attorneys for the defendant appeared, but no one appeared for the plaintiff, and, the defendant not being desirous of taking a dismissal, the case was marked "Off." The attorney for the plaintiff was notified of this fact within a day or two thereafter, but took no steps to have the case restored until the 16th day of October, 1907, more than 17 months thereafter, when he gave the attorneys for the defendant notice of a motion to restore the cause to the day calendar. Thereupon, and upon proof of these facts and that causes of a later date of issue than this had been regularly reached and tried as early as the 11th day of October, 1906, and that the appellant was prepared to try the case when it was first reached on the day calendar, but that, owing to the lapse of time since, it would be difficult, if not impossible, for it to collect the evidence which it then had, the appellant duly moved for a dismissal of the complaint. In opposition to the motion, an affidavit of the attorney for the plaintiff on the motion to restore the cause to the day calendar was read, showing, so far as material to the question under consideration, that the lien was bonded prior to the commencement of the action, that the sureties were made parties defendant and have defaulted in pleading, and that "through an oversight counsel did not notice" that the case was on the day calendar for March 5, 1906, until after it was marked "Off." Another affidavit read on behalf of plaintiff showed that issue was not joined as to one of the sureties until the 11th day

of April, 1905, owing to plaintiff's inability to pay the cost of service by publication; that the motion to restore the cause to the day calendar was granted on the 22d day of October, 1907; and that the sureties "conveyed away the property offered in justification almost immediately after" they executed the bond, but that it is the intention of the plaintiff to "try the case without further delay."

No excuse is offered by the plaintiff for his failure to bring the issues to trial before later issues were reached on the regular call of the calendar, and under the well-settled rule the appellant was entitled to an order dismissing the complaint on account of plaintiff's neglect to prosecute the action. Code Civ. Proc. § 822; rule 36, General Rules of Practice; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Anderson v. V. J. Hedden & Sons Co., 116 App. Div. 231, 101 N. Y. Supp. 585; Seymour v. Lake Shore, 12 App. Div. 300, 42 N. Y. Supp. 92. The fact that the case was noticed for trial and placed on the day calendar does not, in view of the fact that it was stricken from the day calendar and that the plaintiff failed to move to restore it, relieve it from the application of the rule with respect to dismissals for neglect to prosecute, which applies to suits in equity as well as to actions at law (James v. Shea, 28 Hun, 74; Calkin v. Beattie, 4 Month. Law Bul. [N. Y.] 42).

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for the dismissal of the complaint, with costs, granted, with $10 costs. All concur.