MANNION v. STEFFENS et al.

(Supreme Court, Appellate Term.   March 31, 1909.)

1. DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION—EXCUSE FOR DE-
   LAY.
       An action should be dismissed for delay of 3½ years after issue
   joined in bringing it to trial, where the only excuse for such delay is that
   "offers of settlement have been made, commencing prior to the service
   of the summons, and renewed frequently from time to time," and the
   uncontradicted counter affidavit alleges that "whatever negotiations were
   had in this matter were concluded before the filing of an answer."
       [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§
   140–152; Dec. Dig. § 60.*]

2. APPEAL AND ERROR (§ 835*)—REARGUMENT—MATTERS CONSIDERED.
       New affidavits, which form no part of the return on appeal, cannot be
   used on a reargument of the appeal to strengthen respondent's position.
       [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 835.*]

3. DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.
       The fact that a cause has been placed on the trial calendar in good faith
   is not a sufficient reason for denial of a motion by defendant to dismiss
   for want of prosecution.
       [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§
   140–152; Dec. Dig. § 60.*]

4. DISMISSAL AND NONSUIT (§ 71*)—WANT OF PROSECUTION—PROCEEDINGS—
   EVIDENCE.
       Plaintiff has the burden of showing a reasonable excuse for his delay
   in bringing the action to trial, and without such excuse the court has
   no discretion to deny defendant's motion to dismiss.
       [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §
   165; Dec. Dig. § 71.*]
       MacLean, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Richard J. Mannion, as administrator of Florence Man-
nion, deceased, against Carolina E. Steffens and another.  From an or-
der denying a motion to dismiss the complaint, defendant Steffens ap-
peals.  Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Hibbard & Lesinsky, for appellant.
William S. Bennett, for respondent.

GILDERSLEEVE, P. J.   Upon a reargument of this appeal, and
a full examination of the authorities, we are satisfied that the order of
the lower court must be reversed.  Issue was joined herein on Septem-
ber 30, 1904, and up to March 26, 1908, the plaintiff made no move to
bring the cause on for trial.  Upon the motion to dismiss for such
failure to prosecute, the only offered excuse for such delay was that
"offers of settlement have been made, commencing prior to the service
of the summons, and renewed subsequently from time to time," and
also that the case had been placed upon the calendar for trial, "though
subsequent to the date of this motion."   It will be observed that there

is no statement in the affidavit as to when the offers of settlement ceased, and the affidavit of the defendant's attorney that "whatever negotiations were had in this matter were concluded before the filing of an answer" stands uncontradicted in the record.

Affidavits have been handed up by the respondent upon this reargument in an attempt to strengthen the respondent's position; but such affidavits form no part of the return, cannot be considered, and there is neither precedent nor authority for such practice, and it is not to be regarded with favor. The only ground given by the learned Special Term justice for denying the motion was:

"It appearing that a note of issue has been filed in good faith, the motion to dismiss will be denied."

This was an inadequate reason for a denial of the motion. Seymour v. L. S. & M. S. R. R., 12 App. Div. 300, 301, 42 N. Y. Supp. 92. In the case of Mladinick v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46, the court relieved the plaintiff by reason of the fact that he had noticed the case for trial and placed it on the calendar prior to the making of the motion by the defendant, and said:

"If this motion had been made by the defendant before the plaintiff had noticed the case and placed it upon the calendar, I should think that upon these papers the defendant was entitled to the order."

It devolved upon the plaintiff to show a reasonable excuse for his delay, and without such excuse the court below had no discretion to deny the defendant's motion. Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37; Mladinick v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46; Anderson v. Hedden, 116 App. Div. 231, 101 N. Y. Supp. 585; Toher v. Lochinvar Realty Co., 124 App. Div. 370; 108 N. Y. Supp. 667; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Regan v. Milliken Bros., 123 App. Div. 72, 107 N. Y. Supp. 722; St. Paul's Church v. Mt. Vernon Suburban Land Co., 119 App. Div. 45, 103 N. Y. Supp. 858.

Order reversed, with $10 costs and disbursements, and motion to dismiss granted, with $10 costs.

SEABURY, J., concurs.

MacLEAN, J. (dissenting). Where the plaintiff unreasonably neglects to proceed in his action, the justice to whom application is made is equipped by the statute (section 822, Code Civ. Proc.) truly with discretion whether or not to dismiss the complaint; but that discretion would have been exercised more discreetly in this instance had the learned justice, in denying the application, imposed terms, and so, under all the circumstances, and following Mladinick v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46, the plaintiff should have an opportunity to try his cause, and should have that opportunity upon payment of taxable costs and disbursements before trial, with motion costs, but without costs upon this appeal.