### CORCORAN v. MILLER.

(Supreme Court, Appellate Term, First Department. January 26, 1914.)

DISMISSAL AND NONSUIT (§ 68*)—RIGHT TO MOVE FOR DISMISSAL.

Where an action was not noticed for trial by plaintiff until five years after issue was joined, defendant's failure to move for dismissal on account of want of diligent prosecution for about a year after such notice is only a fact to be considered in determining defendant's right to have the action dismissed, and does not absolutely bar him from relief.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 163, 176; Dec. Dig. § 68.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by John Corcoran against Thomas Miller. From an order granting defendant's motion to dismiss the complaint for unreasonable neglect in prosecuting the action, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued January term, 1914, before LEHMAN, PAGE, and BI-JUR, JJ.

Samuel Deutsch, of New York City, for appellant.

Jacob Marx, of New York City, for respondent.

BIJUR, J. This case was placed upon the calendar and noticed for trial by plaintiff five years after issue joined, and long after junior issues had been tried. Defendant waited for about a year thereafter before making this motion. Plaintiff claims that defendant is barred by laches from succeeding on this motion. All, however, that can be maintained on that score is that the court should have taken defendant's delay into consideration; and I see no reason for disturbing the judge's exercise of his discretion under the circumstances.

The order should be affirmed, with $10 costs and disbursements.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The plaintiff herein appeals from an order dismissing the complaint for want of prosecution. It appears that issue was joined in February, 1908, and no notice of trial was served until December 11, 1912. The defendant thereafter made no motion to dismiss until November 15, 1913. The plaintiff in no wise excuses his procrastination in noticing the case for trial for four years after the issue was joined, but claims that his delay has been excused by failure of the defendant to move to dismiss until long after the notice of trial was served. There is no doubt that the tardy act of the plaintiff in putting the case on the calendar in no wise excuses the previous delay. This act simply evinces a present readiness to proceed. Seymour v. Lake Shore & Michigan Southern Railway Co., 12 App. Div. 300, 42 N. Y. Supp. 92. Nevertheless, when the defendant has waited until after the plaintiff has noticed the case and put it on the calendar, this fact can be considered by the court in determining whether the motion should or should not have been granted. Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46. In that case the Appellate Division held that the court, in the exercise of its discretion, could give the plaintiff his day in court in spite of delay without excuse in placing the case on the calendar for over five years, even where the defendant moved for its dismissal within a few weeks after the notice of trial was served.

In this case we have not only the fact that the defendant failed to move to dismiss for want of prosecution until after the plaintiff had evinced a present readiness to proceed, but during 11 months thereafter, when no negligence can be imputed to the plaintiff, remained dormant himself. Certainly his failure during this time to enforce his right to have the action dismissed constitutes laches, which the trial justice could properly take into consideration. It seems to me that where such laches continued during many months after the plaintiff has placed his case on the calendar, and the defendant not only fails to excuse such laches, but fails to show any special circumstances from

which the court can presume any special injury by reason of plaintiff's delay, the court should, in the exercise of a proper discretion, deny the motion to dismiss.

Order should be reversed, with $10 costs and disbursements to appellant to abide the event, and motion denied without costs.