NORWEGIAN EVANGELICAL FREE CHURCH, Plaintiff, *v.* MICHAEL MILHAUSER, Defendant.

Supreme Court, Kings County, November 30, 1926.

Vendor and purchaser — specific performance under contract of purchase of real property — plaintiff claimed title was defective and refused to carry out contract after making down-payment — defendant's grantor came into possession of property on issuance of letters patent by State after sale upon claim that rights of heirs had terminated — defendant has good title to premises by reason of proceeding under Title Registration Act (Real Prop. Law, § 370 et seq.), and may enforce specific performance — dismissal of title registration proceeding without service on alleged heir of original owner of lands proper where no successful effort was made by her to claim heirship within forty years after lands escheated to State. (Public Lands Law, § 60.)

Defendant, with whom the plaintiff contracted for the purchase of real property and made a down-payment thereon, is entitled to a decree of specific performance, for plaintiff was unwarranted in claiming that defendant's title was defective, where it appears that forty years after the death of the owner of said premises, the State, claiming that the rights of heirs had terminated, sold the escheated property at public auction to defendant's grantor who, upon the issuance of letters patent to her, went into possession of the property and subsequently instituted a proceeding under the Title Registration Act (Real Prop. Law, § 370 et seq.), and filed a *lis pendens*, both of which were of record at the time defendant herein made his contract for the sale of the property to the plaintiff.

The dismissal of the proceeding to register title and the cancellation of the *lis pendens* without personal service upon one of the alleged heirs of the original owner of the property was proper, since, except for an attempt to establish her claim before a referee in 1891, which was denied after a hearing, said alleged heir made no effort to establish her heirship within forty years after the lands escheated to the State upon the death, without heirs, of the original owner thereof in 1868. (Public Lands Law, § 60.)

ACTION to recover down-payment and expenses of examining title made under contract for purchase of real estate.

*Milton M. Eisenberg* [*Rosalie Ulrich* of counsel], for the plaintiff.

*John J. McManus*, for the defendant.

HUMPHREY, J. This is an action by the plaintiff to recover the down-payment and expenses of examining title made under a contract for the purchase of real estate. At the time fixed for closing, title was rejected by the plaintiff because of alleged defects.

There seem to be no disputed facts. The property was owned by the late William A. Kinnilly, who died April 17, 1868. He attempted to dispose of the property involved in this action by a

will, but the provision of his will making such disposition was declared void and ineffective, thus leaving the ownership as though he had died intestate. A search was made for heirs capable of taking title by inheritance; none being found, an order was made on December 19, 1873, at the instance of the Attorney-General of the State of New York, directing the money and property to be turned over to the State of New York.

From the 27th of December, 1873, until January, 1911, the State of New York, through the public land office, collected the rents of the property in question, and exercised all acts of ownership over it. From time to time, during the period that the State was in possession of the lands in question, various claimants came forward, seeking to establish themselves as heirs of William A. Kinnilly. Up to the present time (although more than fifty-eight years have elapsed since his death), no one has succeeded.

After the lapse of more than forty years from the death of William A. Kinnilly, the State of New York, claiming the rights of heirs having terminated, sold the property at public auction. At such sale Mary F. Milhauser became the purchaser, to whom letters patent were issued by the State in January, 1911. Upon the delivery to her of such letters, she went into possession of the property. So far defendant's ownership of the property would seem to have a sound basis.

During the time that title was vested in Mary F. Milhauser, she instituted a proceeding under the Title Registration Act (Real Prop. Law, § 370 et seq.), known as the Torrens Law, to have her title registered, and in such proceeding filed a lis pendens. That proceeding and the lis pendens filed therein were of record at the time defendant made his contract for the sale. In that proceeding this defendant submitted an affidavit, in which he sought to show that the heirs of William A. Kinnilly had some interest in or claim upon the property in question.

During the pendency of this action, and before the trial, an attempt was made to discontinue that proceeding and cancel the lis pendens, but one of the parties named therein, and who appeared by an attorney, could not be served with the notice of application to discontinue; the attorney having died, his papers having become lost, and the petitioner being unable to locate the claimant, Mary Byrne, for personal service.

Section 60 of the Public Lands Law (as amd. by Laws of 1912, chap. 272) provides that a petition for the release of any lands escheated to the State must be made within forty years after such escheat. The escheat occurred upon the death of the owner without heirs. (Matter of People [Melrose Avenue], 234 N. Y. 48.)

The Mary Byrne, upon whom service was not made in discontinuing the Torrens Law proceeding, sought to establish her heirship before a referee in the year 1891, and after a hearing her claim was denied. The last act under the Torrens Law proceeding (except the discontinuance above referred to) took place in 1911. The dismissal thereof without service upon her would seem to be good. (*St. Paul's Church* v. *Mt. Vernon Suburban Land Co.,* 119 App. Div. 45.) The situation of the parties is unchanged since that time, and their rights may be fixed as of the date of trial. (*Schmidt* v. *Reed,* 132 N. Y. 108; *Begen* v. *Pettus,* 223 id. 662.)

The defendant by his answer asks a decree of specific performance against the plaintiff. This relief he is entitled to. There must be an end somewhere to the claimed ownership by the heirs of William A. Kinnilly, and in my judgment that point has been reached, and this title should be free from any claim of that nature.