CLARENCE WHEELER and Others, Respondents, *v.* HOLLAND S. DUELL, Appellant, Impleaded with THE MENTER COMPANY, INC., and Others, Defendants.

Fourth Department, October 8, 1930.

*Joe E. Daniels, Clayton R. Lusk* and *Eugene J. Dwyer* of counsel], for the appellant.

*Wile, Oviatt & Gilman* [*Percival D. Oviatt* of counsel], for the respondents.

PER CURIAM. This action was begun August 4, 1925. Issue was joined by the service of the defendant Duell's answer on November 9, 1925. The case was first noticed for trial for the Monroe term of the Supreme Court held in April, 1926. Following this and until the case was stricken from the calendar on June 5, 1927, requests for delay were made on both sides and postponements were had by mutual consent. During the month immediately before the case was stricken from the calendar, the attorneys for

the defendant Duell show in their letters a readiness to try the issues, while the attorneys for the plaintiffs were then alleging engagements of counsel which, they said, prevented them from being ready to try the case at that time. Finally, about June 1, 1927, it was agreed between the attorneys for the respective parties that the case should go over the term to be tried " at [their] common convenience in the fall." In accordance with calendar practice in Monroe county the case was stricken from the calendar on June 5, 1927 (Sup. Ct. Calendar Rules, Seventh Judicial District, rules 4, 5). On June ninth the attorneys for the plaintiffs wrote the attorneys for the defendant informing them of this fact and saying " we shall not bring this case on for trial prior to November, 1927, which, we assume, is in accordance with your understanding." From that time until the motion to restore the case to the calendar was noticed by the plaintiffs on May 31, 1930, nothing was done by the plaintiffs to bring the case to trial. In fact, the only communications which passed between the attorneys for the respective parties in this interval was a request in 1928 by the defendant Duell's attorneys for a discontinuance of the action as to the defendant Duell and a refusal to discontinue on the part of the attorneys for the plaintiffs. The affidavits offered on behalf of the defendant Duell state in general language that witnesses have been scattered and lost during the interval and that they are, therefore, prejudiced by the delay. Many later issues have been tried. The plaintiffs in their affidavits offer no excuse for this delay of two and one-half years — that is, from November, 1927, to May, 1930. Reliance on plaintiffs' behalf is placed entirely upon " an arrangement " between the attorneys which excused this delay. Of this we find no evidence whatever. In the absence of any excuse, we must consider such a delay unreasonable. (*Seymour* v. *L. S. & M. S. R. Co.*, 12 App. Div. 300.) The law applicable in such case requires the dismissal of the action. (Civ. Prac. Act, § 181; Rules Civ. Prac. rule 156; Sup. Ct. Calendar Rules, Seventh Judicial District, rules 4, 5; *Toher* v. *Lochinvar Realty Co.*, 124 App. Div. 370; *McIntyre* v. *Branner*, 214 id. 145.)

The order should be reversed, with ten dollars costs and disbursements, on the law and the facts and defendant Duell's motion to dismiss granted, with ten dollars costs.

All concur, except TAYLOR and THOMPSON, JJ., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion to dismiss granted, with ten dollars costs. We find that the court erred in the exercise of discretion.