■ MALVIN WHITE, Respondent, v. GOOD OPERATING CORP., Appellant.— Order, entered on November 19, 1962, denying motion to dismiss for lack of prosecution, unanimously reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs. Plaintiff failed, except feebly, to explain or excuse a delay of 73 months between the time of joinder of issue and the serving and filing of a note of issue (see *Seymour* v. *Lake Shore & Michigan So. Ry. Co.*, 12 App. Div. 300). He failed to supply an affidavit of merits (see *Gallagher* v. *Clafington, Inc.*, 7 A D 2d 627). A dismissal of the action is therefore required, notwithstanding the fact that plaintiff served and filed a note of issue immediately before the making of the motion to dismiss (e.g., *Quick Serv. Novelty Corp.* v. *Scharf*, 3 A D 2d 989). Moreover, a showing of undue prejudice to defendant is not necessary (*Garcia* v. *Sentry-Norden Oil & Heating Co.*, 18 A D 2d 789). Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ In the Matter of the Arbitration between MILDRED PORTECK, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on October 24, 1962, denying respondent-appellant's motion to stay arbitration, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant; the matter is remanded for a hearing upon the issues of coverage raised by respondent-appellant; and arbitration is stayed pending determination of such issues. As petitioner-respondent's notice of intention to arbitrate fails to meet the requirements of subdivision 2 of section 1458 of the Civil Practice Act, the 10-day limitation period therein provided is inapplicable (*Matter of Double E Food Markets* v. *Beatson*, 18 A D 2d 976; and, see, CPLR, § 7503, subd. [c]). Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ HARRY WEISS, an Infant, by MOSES WEISS, His Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Order, entered on January 3, 1962, setting aside verdict, reversed, on the law, and verdict reinstated, with $20 costs and disbursements in favor of defendant Board of Education against plaintiff. There was substantial evidence from which the jury could have resolved the issues both of negligence and contributory negligence as they did. Consequently it was error to disturb the verdict. A jury verdict in favor of defendant is not to be set aside unless it appears plainly that the evidence so preponderates in favor of the plaintiff that an opposite conclusion could not have been reached on any fair interpretation (see collation of authorities in *Marton* v. *McCasland*, 16 A D 2d 781, 782). Concur — McNally, Stevens, Eager and Steuer, JJ.; Breitel, J. P., dissents and votes to affirm.