(112 App. Div. 181)

## MLADINICH v. LIVINGSTON.

(Supreme Court, Appellate Division, First Department. March 23, 1906.)

1. DISMISSAL AND NONSUIT—FAILURE TO PROSECUTE—SUFFICIENCY OF SHOWING.

On a motion to dismiss for failure to prosecute, it appeared that the action was at issue in September 1900, that no steps were taken to place it on the calendar until November, 1905, when a notice of trial for December term was served, and that younger issues had been tried in their regular order on the calendar. *Held* to show a prima facie case of failure to prosecute under Code Civ. Proc. § 822, and General Rule of Practice 36, providing that when plaintiff neglects to proceed in the action, the court may, on the application of defendant, dismiss the complaint.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, §§ 140–152.]

2. SAME—EXCUSE FOR DELAY IN PROSECUTION—SUFFICIENCY.

Defendant established a prima facie case of neglect to prosecute an action. Plaintiff showed that the action could not be properly noticed for trial until a prior action set up in the answer as a defense was dis-

posed of, but did not disclose any reason why the prior action could not have been discontinued. *Held*, that plaintiff failed to show that his neglect to prosecute was reasonable, necessary under General Rules of Practice 36, to prevent a dismissal of the action, on that ground.

3. SAME.

Plaintiff also stated that owing to his impoverished condition he was unable to pay to his attorney the necessary disbursements required to place the case on the calendar. *Held* not to show that the neglect to bring the action to trial was reasonable.

4. SAME.

That defendant waited before moving for the dismissal of the case because of neglect to prosecute it, until after plaintiff had noticed the action and put it on the calendar might be considered by the court in determining whether the motion should be granted.

Appeal from Special Term, New York County.

Action by Joseph Mladinich against Johnston Livingston, as president of the National Express Company. From an order denying a motion to dismiss the complaint on the ground of failure to prosecute, defendant appeals. Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Joseph W. Welsh, for appellant.

Herman Gottlieb, for respondent.

INGRAHAM, J. Upon an affidavit of one of the attorneys for the defendant that this action was commenced on June 5, 1900, that it was finally at issue on September 15, 1900, and no steps were taken by the plaintiff to place the case upon the calendar until November 17, 1905, when a notice of trial for the December term in 1905, was served, and that younger issues have been tried in their regular order upon the calendar, the defendant made a motion to dismiss this action. Section 822 of the Code of Civil Procedure provides that where the plaintiff unreasonably neglects to proceed in the action against the defendant, the court may, in its discretion, upon the application of the defendant, dismiss the complaint as against the moving party and render judgment accordingly; and rule 36 of the general rules of practice provides that whenever an issue of fact in any motion pending in any court has been joined, and the plaintiff therein shall fail to bring the same to trial according to the course and practice of the court, the defendant, at any time after younger issues shall have been tried in their regular order, may move at Special Term for the dismissal of the complaint, with costs. These facts establish a prima facie case of neglect on the part of the plaintiff to proceed with the action, and the plaintiff was thereupon called to explain his neglect, or submit to a dismissal. Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; McMann v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 38. Notwithstanding the fact that the defendants brought themselves within this section of the Code and the rule, the court denied the motion, with $10 costs to the plaintiff.

The defendant having a prima facie case for the dismissal of the complaint, the question was whether or not the plaintiff made it appear to the court that his neglect to bring the action to trial had not been unreasonable, for where that is made to appear the court may permit the

plaintiff on such terms as may be just to bring the action to trial. Rule 36, General Rules of Practice. The plaintiff as an excuse stated that as the defendants had alleged in their answer that another action was pending on behalf of the plaintiff to recover for such injury, the plaintiff's attorney could not properly notice the case for trial until the other action was disposed of. This does not follow. No reason is disclosed why the former action could not have been discontinued or disposed of at any time. Certainly the fact that the defendant has a good defense to the action is no reason why the plaintiff should delay for five years in noticing his case for trial and place it on the calendar. Nor does it appear that this other action has now been disposed of, or that the plaintiff is in any different situation from that which he was in at the time the case was at issue.

The plaintiff also stated that, owing to his impoverished condition, he was unable to pay to his attorney the necessary disbursements. The amount required to place the case upon the calendar is so insignificant that this would not seem to be an excuse. Under rule 36 it is only when it is made to appear to the court that the neglect of the plaintiff to bring the action to trial has not been unreasonable that the court is justified in denying the defendant's motion and in allowing the plaintiff to try the case. It does not appear that the neglect of the plaintiff to bring the action to trial has not been unreasonable. If this motion had been made by the defendant before the plaintiff had noticed the case and placed it upon the calendar, I should think that upon these papers the defendant was entitled to the order. See Seymour v. Lake Shore & M. S. R. R. Co., 12 App. Div. 300, 42 N. Y. Supp. 92. The defendant, however, has waited until after the plaintiff has noticed the case and put it on the calendar, and this fact can be considered by the court in determining whether the motion should or should not have been granted. It seems that the plaintiff has been guilty of neglect in prosecuting the action. We think, however, that under all the circumstances the plaintiff should have an opportunity of trying his case. It should, however, only be upon condition that the plaintiff pay to the defendant $10 costs of opposing the motion and stipulating to try the case when reached without further delay.

The order appealed from should therefore be modified accordingly, with $10 costs and disbursements to the defendant to abide the result of the action. All concur.