UNITED STATES FIDELITY & GUARANTY CO. v. WHITMAN et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

DISMISSAL AND NONSUIT (§ 78*)—GROUNDS—WANT OF PROSECUTION—CONDITIONS.

Where a surety commenced an action in February, 1906, against the principal for $8,000 paid on behalf of the latter, and no motion to dismiss for want of prosecution was made until after the note of issue was filed and notice of trial served in January, 1910, a motion then made to dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

miss for want of prosecution will be denied, on condition that the plaintiff pay defendant the taxable costs to date, and in addition $10 costs and disbursements of appeal from an order granting such motion, and stipulate to try the case when reached without further delay.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 172; Dec. Dig. § 78.*]

Appeal from Special Term, New York County.

Action by the United States Fidelity & Guaranty Company against Nathaniel Whitman and others. From an order dismissing complaint for want of prosecution, plaintiff appeals. Reversed, and motion to dismiss denied on condition.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Sumner Bowman, for appellant.
Martin J. Keogh, Jr., for respondents.

McLAUGHLIN, J.   This appeal is from an order dismissing complaint, with costs, for want of prosecution, under section 822 of the Code of Civil Procedure and rule 36 of the General Rules of Practice.

The action was brought by the surety upon a bond given to the sheriff of the county of New York to indemnify him for seizing, at the instance of the defendants (plaintiffs in another action), by writ of replevin, certain personal property, thereafter sold and the proceeds derived from the sale turned over to them. The owners of the property seized thereafter brought an action against the sheriff, and recovered a judgment for the value of the same, which judgment was affirmed by this court, and its determination affirmed by the Court of Appeals. The judgment was thereafter paid by the surety on the sheriff's bond, the plaintiff in this action. On the 30th of February, 1906, this action was commenced by the service of the summons, to recover the amount paid. The complaint was served on the 20th of March, 1906, and an amended answer on the 15th of December following, and plaintiff was given by stipulation until the 4th of April, 1908, to serve an amended complaint. On the 19th of November, 1908, the present attorney was substituted for the plaintiff, and he, on the 24th of January, 1910, filed a note of issue and served notice of trial for the following February term. The notice was immediately returned, and shortly thereafter a motion was made to dismiss the action for want of prosecution. The motion resulted in the order appealed from.

The amount paid by the plaintiff as surety upon the sheriff's bond was something like $8,000, and while its delay in bringing the action to trial is not very satisfactorily explained, nevertheless, in view of the fact that the note of issue had been filed and the case noticed for trial before the motion was made to dismiss, taken in connection with the other facts and circumstances, we think the action ought not to have been dismissed, and an opportunity should be afforded to the plaintiff to try the same. This, however, should only be upon condition that the plaintiff pay to the defendant the taxable costs to date, and in addi-

tion $10 costs and disbursements of this appeal, and stipulate to try the case when reached without further delay. Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. Supp. 46; Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37.

If such conditions be complied with, then the order appealed from is reversed, and the motion to dismiss denied; otherwise, the order is affirmed, with $10 costs and disbursements. All concur.