SARAH L. ROBERTSON, Respondent, *v.* CLARA SMITH and FLORENCE WURTS, as Executrices, etc., of HARRY SMITH, Deceased, and LILLIAN M. ULRICH, Appellants.

First Department, April 7, 1922.

Trial — dismissal of complaint for unreasonable neglect to proceed — unexplained delay for more than three years justified dismissal where defendants' witnesses had died or were outside jurisdiction.

A complaint should be dismissed for unreasonable neglect to proceed, where a delay of three years and three months in placing the case on the calendar is not explained or excused, and no effort was made to bring the case to trial until a time when, because of the death of one of the defendant warehousemen and a foreman in his employ and the absence of plaintiff's husband from this jurisdiction, there was no one who had any knowledge of the facts, living or available to the defendants, to prove their defense.

APPEAL by the defendants, Clara Smith and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of November, 1921, denying a motion for an order directing that the complaint be dismissed for plaintiff's unreasonable neglect to proceed in the action.

*Guggenheimer, Strasser & Meyer* [*John H. Taylor* of counsel; *Charles H. Meyer* with him on the brief], for the appellants Clara Smith and Florence Wurts.

*Mack & Taylor*, for the appellant Lillian M. Ulrich.

*Barondess & Chaityn* [*Benjamin Barondess* of counsel], for the respondent.

PER CURIAM:

The action is to recover damages for the alleged conversion by warehousemen, in receiving and storing for the plaintiff's husband certain surgical instruments, office furniture, used by him in the practice of his profession, and also for damages to premises leased by plaintiff, caused by the negligence of the defendants' servants in removing the furniture.

The action was commenced April 20, 1916, and issue joined in August, 1916. Note of issue was filed and the cause noticed for trial for the December term, 1919. The plaintiff's husband has left the jurisdiction of the court, and his present address is unknown to the defendants. Harry Smith, one of the original defendants, who had entire charge of the business, died in March, 1921, as did also the foreman in their employ; and there is no one who has any knowledge of the facts, living or available to the defendants to prove their defense. The executors of Harry Smith were substituted as parties defendant on October 6, 1921, and on October 26, 1921, served notice of motion to dismiss. Had the plaintiff, within a reasonable time after issue joined, noticed the case for trial, it could have been reached in regular order more than a year before the time when it was first noticed for trial. The delay of three years and three months in placing the case upon the calendar is not explained or excused. The plaintiff has been particularly active since her husband left the jurisdiction, and has been strenuous in her efforts to force a trial since she became informed of the death of the defendant Smith. This activity does not palliate the three years' unexcused delay, by reason of which the defendants have lost the means of establishing their defense. It was to prevent such miscarriages of justice that the rules were adopted requiring the plaintiff to proceed with the prosecution of the action without unreasonable delay.* The interest of substantial justice required the granting of the order.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE and GREENBAUM, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

* See Code Civ. Proc. § 822; now Civ. Prac. Act, § 181; General Rules of Practice, rule 36; now Rules of Civil Practice, rule 156.— [REP.