## RUSSELL v. TEXAS TRANSPORT & TERMINAL CO.

Circuit Court of Appeals, Second Circuit. May 6, 1929.

No. 262.

Silas B. Axtell, of New York City (Benjamin I. Sperling, of New York City, of counsel), for appellant.

James A. Hatch and Edgar G. Wandless, both of New York City (John C. Donovan, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The defendant's brief makes a very different case from that above stated. It asserts that no negotiations for settlement were pending in April, 1925, but that the case was then stricken from the trial calendar because the plaintiff was not ready to proceed; that the case was again reached for trial in September, 1927, and was again marked off because the plaintiff failed to answer; and that on each occasion the defendant had gone to the expense of being ready for trial. Were such facts embodied in the record before us, it would be difficult to find any abuse of discretion in an order which dismissed the suit for neglect to prosecute it. But we are obliged to take the record as it is. The state practice, to which the federal courts conform, is governed by section 181 of the Civil Practice Act of New York and rule 156 of the Rules of Civil Practice. Dismissal rests in the discretion of the trial court, but such an order, like other discretionary orders, may be reversed by an appellate court, if the record discloses that discretion was improperly exercised. Graham v. Ackley, 21 App. Div. 416, 47 N. Y. S. 562; Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. S. 663. The defendant made a prima facie case for dismissal, and the propriety of the order depends upon whether the plaintiff has offered a sufficient excuse for delay. He shows that, when the case was reached for trial in April, 1925, it was marked off pending negotiations for settlement. How long such negotiations continued thereafter does not appear; nor is there anything to indicate that the defendant has suffered any detriment in needlessly preparing for trial, or in the loss of witnesses by reason of the delay. Depositions of two of defendant's witnesses were filed with the clerk of the District Court soon after the case was at issue. The plaintiff lived in a distant state. He

showed his futile efforts to communicate with his former attorney and his pecuniary inability to come to New York personally to investigate the delay. In the summer of 1928 his present attorney was substituted, and shortly thereafter the plaintiff moved for a trial, before the defendant moved to dismiss. While this fact alone does not preclude a dismissal (Seymour v. Lake Shore & M. S. R. Co., 12 App. Div. 300, 42 N. Y. S. 92; Mannion v. Steffens [Sup.] 115 N. Y. S. 1087; Robertson v. Smith, 200 App. Div. 653, 193 N. Y. S. 549), it may be considered in connection with all other pertinent circumstances in determining whether the motion to dismiss should be granted (Mladinich v. Livingston, 112 App. Div. 181, 98 N. Y. S. 46; U. S. Fidelity & Guaranty Co. v. Whitman, 138 App. Div. 275, 122 N. Y. S. 882). On this record, the plaintiff's delay does not appear so unreasonable as to justify the order of dismissal. But we do not say the same conclusion would necessarily be reached, if the additional facts stated in defendant's brief were established.

The order is reversed, but leave is given to the defendant to move again, if it so wishes, before the District Court for dismissal of the complaint, upon papers which shall show what negotiations, if any, for settlement occurred in 1925, how long they continued, whether the cause was again placed upon the trial calendar, and what disposition was made of it, and any other pertinent facts affecting the prosecution of the action.