BANNER MFG. CO., INC., Appellant, v. ROADLIN REALTIES, INC., Respondent.— (Appeal No. 2.) In an action by the tenant (appellant) to recover moneys paid in excess of the emergency rent (L. 1945, ch. 3, as amd.), order granting the defendant's motion for judgment, under rule 113 of the Rules of Civil Practice, and denying plaintiff's cross motion for leave to discontinue the action, and the judgment entered on the order, reversed· on the law and the facts, with $10 costs and disbursements, the defendant's motion for judgment denied, without costs, and the plaintiff's cross motion for leave to discontinue the action granted upon payment by plaintiff of taxable costs to the date of the cross motion. Plaintiff was entitled to discontinue the action as a matter of right upon payment of costs. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

REGINALD BERKOWITZ, Respondent, v. MORTON B. HARLEY et al., Appellants.— Order entered October 23, 1947, denying defendants' motion to dismiss the amended complaint and granting leave to plaintiff to serve a further amended complaint setting forth all alleged causes of action, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

GRACE H. DUCHARME, as Executrix of J. LEO DUCHARME, Deceased, Respondent, v. WALTER E. ROWE et al., Appellants.— Action to recover damages for wrongful death. The action was begun on December 28, 1939. Issue was joined March 8, 1940. Order denying motion, made on March 17, 1947, by defendant Taub, to dismiss the action for failure to prosecute, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs to defendant Taub. The record discloses no adequate excuse for the failure to prosecute this action and the denial of the motion of defendant Taub was an improvident exercise of discretion. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

JOSEPH E. GERETY, Respondent, v. YAHYA ARYEH, Appellant.— In an action to recover damages for breach of an alleged agreement whereby defendant employed plaintiff to negotiate for the purchase of real property, order denying defendant's motion to strike out portions of the complaint as not conforming to section 241 of the Civil Practice Act, etc., affirmed, without costs. The complaint is unnecessarily long, and to some extent fails to follow section 241 of the Civil Practice Act. However, the portions complained of appear to present no particular harm or prejudice to defendant; and the allegations can be answered without undue difficulty. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

JOSEPHINE GIUNTA, Appellant, v. CITY OF NEW YORK, Respondent.— Order denying appellant's motion for the examination of a witness before trial, affirmed, with $10 costs and disbursements. The bare fact that a witness to an accident, who has made a statement for one party to the action, refuses to be interviewed or to make a statement to the other party does not constitute "special circumstances" within the purview of section 288 of the Civil Practice Act. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [191 Misc. 832.]