JOHN W. ADRIANCE et al., Appellants, v. CORA L. CLIFFORD, Respondent. JOHN W. ADRIANCE et al., Appellants, v. CAROL J. CLIFFORD, Respondent.— This is an appeal by plaintiffs from an order of the Broome Special Term of the Supreme Court denying their motion to restore these cases to the Broome trial calendar and granting defendant's cross motion to dismiss the cases for want of prosecution. The first action was brought to partition certain real property in Broome County and was commenced on January 11, 1943. The second action was brought to set aside as fraudulent a conveyance to defendant of an undivided one-half interest in the same property which was commenced on September 29, 1943. During the years 1944 and 1945 plaintiffs sought unsuccessfully to examine defendant before trial and to bring the cases to trial. The actions were struck from the calendar on January 3, 1946. There has been a great deal of unnecessary delay in the prosecution of these actions but we may

not say on the record before us that plaintiffs and their counsel failed to exercise due diligence in the prosecution of the actions. The long delay is largely due to the conduct of defendant. In denying plaintiffs' application to restore the cases to the calendar the Special Term relied largely on paragraph 2 of rule 302 of the Rules of Civil Practice. Notwithstanding that rule this court has authority to relieve plaintiffs from strict compliance. " Substantial rights should not be sacrificed merely to do reverence to some technical rule. The rules of the Supreme Court are under its control and are to be enforced and administered by it. It can overlook or relieve against a violation of them or a non-compliance with them." (*Broome Co. Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.*, 239 App. Div. 304, 306–307, affd. 264 N. Y. 614). The Special Term also based its decision in part upon section 181 of the Civil Practice Act. In view of the fact that the unreasonable delay was due largely to the conduct of the defendant, we think that that section has no application to the facts in this case. The order denying plaintiffs' motion to restore the cases to the Trial Term calendar is reversed on the law and facts and the motion is granted. The order granting defendant's cross motion to dismiss the complaint in each action is reversed on the law and facts, and the motion denied. No costs are allowed. This determination is made on condition that plaintiffs shall promptly bring the causes to trial. Motion to dismiss appeal dismissed as academic. Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ., concur.