TYLER REALTIES, INC., Appellant, v. CHARLES BAUER et al., Respondents.— In an action to foreclose a purchase-money mortgage on real property, the defendants, husband and wife, counterclaimed for damages or for rescission, alleging fraud and deceit. Plaintiff appeals from an order denying its motion for summary judgment. Order affirmed, with $10 costs and disbursements. No opinion. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

■

FRIEDA WEINBERGER, Appellant, v. WILLIAM WEINBERGER, Respondent.— Action by a wife for separation, wherein the defendant withdrew his answer at trial and consented to the entry of judgment for the plaintiff. Plaintiff appeals from the judgment, insofar as it fixed the amount of alimony and counsel fees and refused her costs. In the notice of appeal plaintiff states that she intends to bring up for review an intermediate order dated May 16, 1951, which denied a motion to examine the defendant before trial. Judgment unanimously affirmed, without costs. No opinion. Appeal from order dismissed, without costs: The order did not necessarily affect the judgment and, therefore, is not reviewable. (Civ. Prac. Act, § 580.) Present—Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.

■

## FOURTH DEPARTMENT, OCTOBER, 1952.

## (October 1, 1952.)

■

JOHN RICHARDSON, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. Memorandum: While it must be conceded that the plaintiff was dilatory in the prosecution of his action after the case was before this court the second time, yet we think there was no abuse of discretion on the part of the Special Term in denying the defendant's motion to dismiss. The defendant failed to serve a copy of the order of affirmance upon plaintiff's attorney. The Special Term had the right to consider that fact, in the exercise of its discretion, as well as the fact that no motion to dismiss was made until after the plaintiff had noticed the case for trial and moved it on calendar call. Until the plaintiff took steps to try this case, the defendant was, apparently, content to let the matter rest.· (See *Mladinich* v. *Livingston,* 112 App. Div. 181, and *United States Fidelity & Guar. Co.* v. *Whitman,* 138 App. Div. 275.) All concur. (Appeal from an order denying defendant's motion to dismiss plaintiff's complaint for failure to prosecute.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.