Benjamin Brenner, J.
Motion is made pursuant to section 181 of the Civil Practice Act to dismiss the complaint for failure to prosecute an action for an injunction to remove a chain link fence which allegedly encroaches on plaintiff’s land, and for money damages.
The action is in equity and was commenced on June 11, 1953. Issue was joined on October 24, 1953, and if expeditiously noticed for trial, could have been disposed of in 1953 or early in 1954. Note of issue was, however, filed three and one-half years later for the March, 1957 Term, just prior to the present application to dismiss, served on February 15, 1957. Plaintiff complains that the defendant was also guilty of laches in delaying this motion during such three and one-half-year period, and urg’es that it must be denied because it was made following the filing of the note of issue.
In opposing a motion to dismiss for lack of prosecution, plaintiff has the burden not only to explain the delay, but to show that there is merit in his cause of action. (Tripp on Guide to Motion Practice [Supp.], § 20.) This the plaintiff has utterly failed to do. The opposing affidavit must also be made by the plaintiff and not, as here, by his attorney. (Gabrielsen v. Brookhattan Trucking Co., 250 App. Div. 861.) A long delay after joinder of issue with no excuse offered requires a dismissal of the cause (Farber v. Broadco Holding Corp., 256 App. Div. 833) and the court is not authorized to exercise its discretion in plaintiff’s favor in the absence of such satisfactory excuse. (Ducharme v. Rowe, 273 App. Div. 974.) Though consideration must be given to defendant’s own laches and failure to move for a dismissal until after the case is noticed for trial (Richardson v. Erie R. R. Co., 280 App. Div. 958) the paramount concern of this court is that this equity case could years ago have been disposed of with nothing shown why it was not.
Motion granted. Submit order.