Benjamin Brenner, J.
The five defendants move by two identical motions brought on by their respective attorneys to dismiss the complaint herein pursuant to section 181 of the Civil Practice Act and rules 156 and 302 of the Rules of Civil Practice for failure on the part of the plaintiff to prosecute this action, younger issues upon the calendar of this court having been reached for trial and disposed of in regular order.
The action for reformation was' commenced in August, 1953 and issue was joined on September 24, 1953. Plaintiff moved for an examination before trial in October, 1953 but the same was held in abeyance, according to defendant Miller, pending the determination of an appeal from an order and judgment in favor of defendant Columbia Heights Realty Corp. against plaintiff in a Municipal Court proceeding which was affirmed on February 7, 1955. A note of issue was served upon all defendants on January 27, 1957, one year and 11 months after the Appellate Term affirmed the final order and judgment in the summary proceedings. This was three years and four months after issue herein was joined.
The delay to move the action for trial is explained as follows: ‘‘ discussions were had at various times with a view toward an amicable adjustment, but without success,” and “ that at the time the motion papers were served, negotiations with a view towards an amicable adjustment were pending and being conducted with the attorneys for Benjamin Miller and his corporation.” These statements are not disputed. The defendant Miller states that “ The plaintiff’s attorneys indicated to me that the plaintiff’s action in this Court was abandoned.” Plaintiff’s attorney replies: “ Neither I nor anyone in the office of the attorneys for the plaintiff, to my knowledge, ever gave any indication to the defendants or their attorneys that this action was being abandoned. * * * discussions pertaining to a possible settlement were had from time to time, and for that reason, the action was not placed on the calendar.”
*798 It is difficult to follow defendant Miller’s position. He charges that it would be ‘ ‘ inequitable to permit plaintiff at this late date to obtain reformation, possession and damages.” The reason he gives is that the lease involved herein, between Columbia and Orange, was cancelled and a new lease entered into with a new tenant in December, 1955. Yet in the same affidavit he maintains that the plaintiff is not entitled “ to maintain an action for conversion of $60,000, which amount is not due, as above shown, until August 15, 1967.” This indicates that, providing certain other conditions are met, said money is repayable in 1967. The plaintiff counters that the money became due on the occurrence of the alleged conversion.
Speaking on behalf of all the defendants, Miller further contends that “ because the defendants were lulled into a sense of security by plaintiff that this action was being abandoned, they did not move for a bill of particulars, examination of plaintiff before trial or other motions available to it.” It is inconceivable that litigants dealing at arm’s length with one another under the circumstances of this case could be ‘ ‘ lulled into a sense of security,” particularly where by the said defendant’s own statements there is a substantial sum of money involved to which the plaintiff may have a claim.
That plaintiff did not serve a statement of readiness until about a week later does not alter the fact that plaintiff did move to place the cause on the calendar for trial before the present motion to dismiss was made. This action clearly showed no intention to abandon the action. Where a plaintiff waited more than five years to notice a case for trial, it was said: “ The defendant, however, has waited until after the plaintiff has noticed the case and put it on the calendar, and this fact can he considered by the court in determining whether the motion should or should not be granted. It seems that the plaintiff has been guilty of neglect in prosecuting the action. We think, however, that under all the circumstances the plaintiff should have an opportunity of trying his case ”. (Mladinich v. Livingston, 112 App. Div. 181, 183-184 [emphasis supplied].) This was followed by Nelson v. Ryan (214 App. Div. 821, 822, 2d Dept.) wherein the court unanimously found: “We think this case comes within the doctrine of the case of Mladinich v. Livingston (112 App. Div. 181).” This doctrine was recently followed in Richardson v. Erie R. R. Co. (280 App. Div. 958) where the court held that “ The Special Term had a right to consider that fact, in the exercise of its discretion, as well as the fact that no motion to dismiss was made until after the plaintiff had noticed the case for trial and moved it on the *799 calendar call. Until the plaintiff took steps to try this case, the defendant was, apparently, content to let the matter rest. (See Mladinich v. Livingston * * *.) ” (Emphasis supplied.)
Cases cited by the defendant are distinguishable. In Seymour v. Lake Shore & Michigan So. Ry. Co. (12 App. Div. 300, 301) the court held that the plaintiff, after a six-year delay, failed to show to the court “ that such neglect was not unreasonable ” and pointed to the inadequacy of a “ vague statement that the action would have been tried long since but for the ill-health of his attorney ‘ for several years.’ ” In the remaining cases cited by the defendants no excuse or an insufficient excuse was presented. In none of them was a note of issue or notice of trial served prior to the making of the motion, except in two cases where there were delays of 16 and 17 years. See similar views expressed by me in Vitale v. Bartlucci (7 Misc 2d 7).
While the affidavits of the plaintiff’s attorney submitted in opposition to this motion do not in and of themselves suffice to show a meritorious cause of action, the court has before it by way of incorporation and reference in the affidavit of defendant Miller, affidavits submitted in other proceedings between the parties, including specifically the affidavit of Bernard Klein, plaintiff’s president, which adequately show merits in plaintiff’s cause of action.
The defendant Miller’s statement that “ it will be impossible to locate some witnesses and assemble all the proof” is pertinent and has been considered along with other facts and circumstances, but it is not sufficiently crucial to warrant altering the result.
I do not find ‘ ‘ the unreasonable neglect ’ ’ which is required under section 181 of the Civil Practice Act. While neglect under rule 156 of the Rules of Civil Practice has been shown, it is not deemed ‘ ‘ unreasonable ’ ’ under the circumstances herein. Rule 302 of the Rules of Civil Practice has no application.
Motion denied. Submit order.