Thomas A. Aurelio, J.
Plaintiffs move to restore this case to the calendar and to vacate their default in having failed to make such a motion within one year from January 9, 1956, the case having been dismissed on January 10, 1957, pursuant to rule 302 of the Rules of Civil Practice.
On such a motion there must be “ a substantial demonstration of a valid excuse or a justification for the failure to proceed expeditiously with the action, and, in addition, there must be an affidavit of merits by the plaintiff ” (Lakowitz v. Marlin Gardens, 5 A D 2d 981).
The court has authority to relieve plaintiffs from strict compliance (Adriance v. Clifford, 278 App. Div. 735) and, in a proper case, may exercise its discretion to grant such a motion (Schlesinger v. Spingler-Van Beuren Estates, 269 App. Div. 950).
The question is whether matter has been presented warranting the exercise of discretion in the favor of the application of the plaintiffs.
This action was instituted on January 31, 1952. At about the same time, eight similar policyholders’ derivative actions were instituted and all were consolidated by order of this court on April 30, 1952. Plaintiffs, as policyholders of the Equitable Life Assurance Society of the United States, sued derivatively in the right of that corporation to recover damages to its favor from various directors by reason of alleged wasteful expenditures and an improvident loan.
The motion is not opposed by Equitable Life Assurance Society of the United States. The opposition is solely that of certain of the individual defendants.
It is conceded that the action was vigorously prosecuted until November, 1953, when defendant, Dowling, was examined; that plaintiffs successfully resisted the efforts of Equitable Life Assurance Society to compel plaintiffs to post security for costs under section 61-b of the General Corporation Law (Imberman v. Alexander, 305 N. Y. 820); that plaintiffs con *632 ducted extensive examinations before trial; that several efforts were made by plaintiffs a number of years ago, and as recently as January, 1958, to resume the examinations; that through January, 1956, plaintiffs and defendants mutually agreed to adjourn the trial of the action on numerous occasions, and that a question as to the right of policyholders to sue in behalf of Equitable Life Assurance Society meanwhile had been raised in other litigation and was not determined until July, 1956, when such right was sustained.
In the latter connection, plaintiffs’ counsel asserts (and defendants do not deny), that the impact of that question on the fate of the case before the court was discussed between counsel for plaintiffs and defendants, and it was agreed that the determination of that issue would serve to shape the future course of the instant litigation.
Plaintiffs state that they are prepared to bring the case to a conclusion, and they supply an affidavit of merit made by one of the plaintiffs.
On the papers before the court, it is evident that defendants acquiesced in the pace and manner of conduct of the litigation until July, 1956 (after the case had been marked off the calendar), and at no time moved to dismiss the case for lack of prosecution. Further, it does not appear that plaintiffs intended to abandon the further prosecution of this action.
In Balaka v. Stork Restaurant (3 A D 2d 857) and Lakowitz v. Marlin Gardens (5 A D 2d 981, supra) in reversing orders denying motions to dismiss for lack of prosecution and granting such motions, leave was granted to the plaintiffs to move at Special Term to vacate the orders of dismissal.
In Wheelock v. Wheelock (3 A D 2d 25) when Special Term was sustained in its refusal to open plaintiff’s default, the Appellate Division, First Department, gave leave to plaintiff to renew her application to open her default in a case where for a period of four years she did not attempt to bring her case on for trial, and for a subsequent period of 16 years did nothing at all to remedy her default.'
In the opinion of the court, sufficient has been shown to warrant the granting of the motion. The default should be vacated and the case restored to the calendar for trial in the October Term, 1958. Plaintiffs shall comply with the provisions of the special rule respecting calendar practice of this court, no later than September 24,1958.
The motion is granted. Settle order.