Murray T. Feiden, J.
Motion to dismiss for lack of prosecution. This action has been at issue for 21 months without the service and filing of a note of issue. The plaintiff has failed to submit an affidavit of merits in opposition to the motion. Under the circumstances, the court is constrained to grant the motion. (Moebus v. Tishman Co., 5 A D 2d 786; Brassner Mfg. Co. v. Consolidated Edison Co., 1 A D 2d 840; Fast v. Meenan Oil Co., 1 A D 2d 889; Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861; Gallagher v. Clafington, Inc., 7 A D 2d 627; Threewits v. Almanzar, 11 A D 2d 981.) The fact that the examination before trial was not completed until November 18, *122 1960 is of no aid to the plaintiff since the examination was originally noticed for April 16, 1959 and was adjourned on numerous occasions at the request of the plaintiff.
Motions to dismiss for lack of prosecution are not granted without some concern on the part of the court for the rights of the plaintiff and for the position of the attorney whose failure to act results in the making of motions of this character (par- ' ticularly where the Statute of Limitations has run against the plaintiff, although that is not the case in this action). The practice of law should reflect an effort by the attorneys as well • as of the court ultimately to secure a determination of the litigation on the merits. Resorts to technical advantages, although afforded by some rules of practice, interfere with this desired objective. Considerate practice on the part of defendants’ lawyers might suggest that instead of waiting for time to elapse and, then, suddenly moving to dismiss for failure to prosecute, that plaintiff be advised in writing one or two months before the contemplated motion that if the action be not placed on the calendar, a motion to dismiss for failure to prosecute will be made. Motion granted.