J.
Motion to dismiss this action for lack of prosecution. For reasons fully set forth in the answering affidavit plaintiff’s attorney explains that when the Civil Court came into existence and because the jurisdiction of that court was $10,000 it was decided to transfer the action to that court instead of filing a note of issue in this court. Due to the fact that the plaintiff was out of the country there was delay in taking this step because plaintiff’s attorney did not feel warranted in so proceeding without the consent of the plaintiff. Am important consideration in the disposition of this motion is the fact that if the action is dismissed, because of the Statute of Limitations, plaintiff will be deprived of her day in court. (Parshall v. Grand Leasing Corp., 17 A D 2d 953; Keller v. National Auto Renting Co., 10 A D 2d 578 [see record on appeal].)
If the defendant deliberately waited, before bringing this motion, for the Statute of Limitations to be effective in depriving plaintiff of her day in court, such conduct is far from commendable practice and should not be rewarded. On the other hand, if the defendant, too, was proceeding in a leisurely manner, then her acquiescence in plaintiff’s procrastination is also a factor to be considered in deciding motions to dismiss for lack of prosecution. (Floyd v. United Hosp. of Port Chester, 13 A D 2d 788; Car-Vel Realty Corp. v. Ginsburg, 8 A D 2d 948; Rosenstein v. Rothenberg, 9 A D 2d 663; Adriance v. Clifford, 278 App. Div. 735; Firth Carpet Co. v. Matuka Realty Development Corp., 276 App. Div. 784.)
Had the defendant desired that plaintiff proceed with greater diligence it could have taken appropriate steps. (Organized Planning Co. v. Northeastern Life Ins. Co., 29 Misc 2d 121.) The fact that defendant was not stirred into action until the plaintiff forwarded stipulations consenting that the action be transferred to the Civil Court is of no aid to the defendant. (Majestic Refrigerator Corp. v. Stassou, 283 App. Div. 729; cite, also, Mladinich v. Livingston, 112 App. Div. 181.) Nowhere in the moving papers does the defendant claim she will be prejudiced. (Ostan v. 40 Realty, 11 A D 2d 710; Keller v. National Auto Renting Co., 10 A D 2d 578; Brill v. County of Westchester, 4 A D 2d 690; Levine v. City of New York, 3 A D 2d 682.)
Finally, a delay of 19 months is not conclusive in the determination of this motion. (Majestic Refrigerator Corp. v. *35 Stassou, supra, a delay of 3 years; Brown v. City of New York, 1 A D 2d 905, a delay of 3 years and 4 months; Levine v. City of New York, supra, a delay of 2 years and 8 months; Brill v. County of Westchester, supra, a delay of 2 years and 3 months; Kanare v. City of New York, 6 A D 2d 696, a delay of 2 years and 4 months; Kegel v. Bushey & Sons, 4 A D 2d 785, a delay of 25 months; Bodike v. City of New York, App. Term, 2d Dept., June, 1955, a delay of 3 years and 6 months; Keller v. National Auto Renting Co., supra, a delay of 17 months; Nurmi v. HandyMan Co., 17 A D 2d 953 [2d Dept.], a delay of 2 years and 3 months; Parshall v. Grand Leasing Corp., 17 A D 2d 953 [2d Dept.], supra, a delay of 2 years.)
The motion to dismiss is denied on condition that plaintiff proceed with the prosecution of this action without any further delay.