Frank A. Gulotta, J.
This motion to dismiss plaintiffs’ complaint on the grounds of “ gross general delay ” is denied.
The function of any litigation should be to permit a fair adjudication of all disputed issues on the merits. This philosophy should be fostered and encouraged wherever possible. *762 Unfortunately this purpose is sometimes frustrated because our adversary system of procedure on occasion lends itself to becoming a game of wits and strategy rather than a dispassionate search for the truth. One of the inequities of our practice is the situation which permits a defendant to lie stealthily in the shadows of his adversary’s inactivity in getting a case to trial, only to emerge, without warning, after the Statute of Limitations has run and deal his brother lawyer a lethal blow with a motion to dismiss for lack of prosecution.
Of course it may be said that the duty of prosecuting an action is upon the one who brings it, and not on one who defends it. I cannot wholly ascribe to this principle. I am of the opinion that there is a reciprocal obligation on a defendant to press for a speedy determination and vindication of his position if the boast that our procedure is a civilized method of settling disputes is to hold true. The dismissal practice not only indicates a lack of desire to have the issues decided on the merits but lays bare his brother attorney to a suit for malpractice should the motion be granted.
The Legislature was alerted to this situation by the Bar following the decision of Sortino. V. Fisher (20 A D 2d 25) and promptly amended CPLB 3216 effective September 1, 1964, requiring that a defendant as a condition precedent to any motion to dismiss for lack of prosecution serve on a plaintiff a 45-day notice requiring him to serve and file a note of issue and that his failure to do so would serve as a basis for a dismissal motion.
I think it fair to say that the purpose of this amendment was to change the rule of the Sortino case. However, in December of that same year the Appellate Division, First Department, in the case of Mulinos v. Coliseum Constr. Corp. (22 A D 2d 163) gave the amendment a very restricted interpretation, saying that it applied only where the sole basis of the motion to dismiss is failure to file and serve a note of issue and that in spite of this section the court still retained onto itself the inherent power to control its own calendar and dispose of cases where the motion was based on other grounds.
It seems to me clear that the Legislature intended by the new law to change this practice so that a plaintiff would be given one final opportunity to proceed with his action or suffer dismissal and that it intended to put an end to the tactics of getting rid of litigation by laying back and keeping quiet until it is too late for a plaintiff to cure his dilatoriness thus avoiding a determination on the merits.
I believe the sense of CPLB 3216, as amended, is to still preserve the right of a party to move to dismiss for lack of prosecu *763 tion in those cases where he has been prejudiced by delay, irrespective of whether the case has been noticed for trial. It would follow, therefore, that under such circumstances he is under no duty to serve a notice on the other side to file a note of issue, since his position is that they should not be permitted to do so.
On the other hand, where the delay is actually in the filing of a note of issue and there is no prejudice, I do not think that a party can avoid the sense and spirit of the new amendment by claiming that he is not moving by reason of failure to file a note of issue, but for gross failure to proceed with the action, since that is the same thing regardless of what he calls it.
To sum up then, in the absence of a showing of prejudice, by which I mean a precise showing of what the actual prejudice is and not a mere conclusory statement to that effect, the moving party must serve the 45-day notice as a condition precedent to bringing on a motion to dismiss for lack of prosecution.
The sufficiency of a motion should be tested by the substance behind it and not by the label which the moving party chooses to hang on it.
We literally have motions by the dozen now being made in Special Term to dismiss for lack of prosecution without a single one bothering to serve the 45-day notice and all claiming instead that the case is one of “ gross neglect ”. This is simply making a farce of the legislative effort to stop this method of disposing of litigations and rendering it nugatory.
In the present case the merits are overwhelming. The plaintiff, while on the sidewalk, was knocked down by a truck owned and operated by the various defendants. In addition, the plaintiff was an infant and even now is only 22 years old so that-under CPLR 208, he still would have two more years within which to commence an action, even if he had never brought one. No prejudice can be claimed by the defendants under these circumstances. Motion denied.