Murray T. Feiden, J.
Motion by defendant Clay to dismiss this action for failure to prosecute after service of the 45-day notice pursuant to CPLR 3216. It does not appear that the codefendant was served with notice of this application.
Plaintiff was a passenger in one of the cars which was involved in a two-car collision. Both vehicles are insured by the same carrier., Plaintiff sustained serious injuries, suffering a com-minuted fracture of the left maxillary bone with depression and deformity requiring surgery and other injuries detailed in plaintiff’s opposing papers. Plaintiff served and filed a note of issue only eight days after the expiration of the 45-day notice.
If this motion is granted the Statute of Limitations will expunge the cause of action, exposing the hapless attorney not only to humiliation and embarrassment but also to a substantial *1042 malpractice action. While this consideration should not be the sole determining factor in motions of this character such facts should be weighed in determining the equities between the parties (Tex Mode v. Dormar Bag, 23 A D 2d 652; Parshall v. Grand Leasing Corp., 17 A D 2d 953; Carbonel v. Ocasio, 41 Misc 2d 33, affd. 19 A D 2d 799).
Issue was joined 25 months ago. However, much time was consumed in settlement negotiations which were not concluded because of some internal difficulties encountered by the defendants’ carrier. In view of the clear-cut liability, the seriousness of the injuries and the coincidence of the same carrier representing both defendants, it is understandable that plaintiff’s attorney could be more easily lulled into expectation of settlement. All things being equal, cases such as this, where the liability is clear, should be settled and not become one of the statistics in adding to calendar congestion. Additional lapse of time is accounted for by the bona lido personal difficulties encountered by plaintiff’s attorney as outlined in the opposing papers which interfered with his ability to prosecute the action diligently. While it might have been advisable for plaintiff’s attorney to have had himself substituted sooner, his failure to do so in the circumstances is understandable. When he received the 45-day notice and was required to proceed expeditiously, he could not do so because plaintiff does not reside within the State of New York, and earns his living as an itinerant bus driver, making it very difficult to establish contact with him.
The explanation of the personal or professional handicaps of plaintiff’s attorney is germane in a motion to dismiss (Wolf v. Associates Discount Corp., 12 A D 2d 241; Zeiger v. Kew Towers, 8 A D 2d 827; Finegan v. Apolito, 21 Misc 2d 881). Under the circumstances here, there can be no claim that plaintiff intended to abandon the action (Marco v. Sachs, 10 N Y 2d 542; Boyle v. Krebs & Schultz Motors, 18 A D 2d 1010; Rosenstein v. Rothenberg, 9 A D 2d 663).
As was stated in Davis v. Lyndel Corp. (216 N. Y. S. 2d 440, 142, affd. 16 A D 2d 802): “ The Appellate Division in this department has repeatedly refused to exact the ultimate penalty * * * where the defendant shows no prejudice — and none is here claimed — and where the injuries are substantial, the merits of the cause clear, and the error of the attorney is one cut from the common fabric of human experience and hostile to his client’s interest, as well as his own [citing cases].” (See, also, Barnard v. Postle, 12 A D 2d 670; Barnes v. Utility Lines, 12 A D 2d 524; Hansen v. Northern Ins. Co., 248 App. Div. 845.)
*1043 In the case of North Shore Exch. v. Home Ins. Co. (24 A D 2d 1021) the Appellate Division, Second Department, reversed an order which denied conditionally a motion to dismiss for lack of prosecution after service of the 45-day notice. In that case the court found that the excuse proffered by the attorney was insufficient. The court believes that under the facts of this case, where there was only slight delay after the service of the 45-day notice, the excuse made by plaintiff’s attorney, weighed with all the other considerations set forth in this decision is sufficient and requires a denial of the motion.
The rationale behind the court’s power to dismiss for lack of prosecution is to rid an overburdened court calendar of neglected actions which usually are of little or no merit and to free defendants of the burden of defending such actions over an unreasonable length of time. Neither of these motivating factors is present in this case. Motion denied.