Murray T. Feiden, J.
This is an application by plaintiffs to reargue the granting of defendant’s motion to dismiss the action for lack of prosecution. Strictly speaking the application should have been to vacate the dismissal and will be treated as such (Kronish v. Seagate Garage, 16 A D 2d 677). The motion was originally granted because of the absence of an affidavit of *290 merits and the dearth of facts in the opposing papers to demonstrate a reasonable excuse for plaintiffs’ delay. There are now submitted on behalf of plaintiffs a detailed and adequate affidavit of merits by the injured plaintiff and several affidavits and an exhibit containing facts not previously or adequately presented to the court.
This is an action for damages for personal injuries which required hospitalization and resulted in substantial special damages. The accident occurred on September 15, 1962. A physical was held by the defendant’s physician on February 26,1963. After fruitless negotiations for settlement, a summons was served on the defendant on November 23, 1963. A notice of appearance was served January 15, 1964, and the complaint on June 25,1964. After two requests to extend defendant’s time to answer, issue was joined by service of an answer on August 5, 1964. On February 1, 1965 plaintiffs served a bill of particulars and a notice of examination before trial, returnable February 17, 1965. After an adjournment at the request of the defendant, examinations before trial of the respective parties were held on March 23,1965. Significantly, the defendant waited until September 16, 1965, one day after the Statute of Limitations expired, before preparing the 45-day notice of intention to move to dismiss for lack of prosecution as required by CPLR 3216. This notice dated September 16, 1965 was served on September 20, 1965. On October 7, 1965 plaintiffs forwarded their executed deposition to the defendant and on October 14, 1965 the defendant forwarded its executed deposition to the plaintiffs.
The above chronology demonstrates that the defendant was at least partially responsible for some of the delay herein. The court is also taking into consideration that the defendant’s participation in the exchange of depositions after the 45-day notice was served was inconsistent with defendant’s position that the action should be dismissed (Schwab v. Port of N. Y. Auth., N. Y. L. J., April 7, 1965, p. 19, col. 7 [Sup. Ct., Kings County, Spec. Term, Pt. I, Feiden, J.]).
Obviously this is not a situation where it could be implied that plaintiffs had abandoned their cause of action or where there was inordinate delay. The notice served by the defendant can be characterized as being served with undue haste. The purpose of the 45-day notice under CPLR 3216 is to give fair warning to a plaintiff who is guilty of unusual and unreasonable delay in prosecuting his case. CPLR 3216 was not meant to be used as a vehicle for harassment of a plaintiff.
*291 On the day before the 45-day notice was served, the stenographer employed by plaintiffs’ attorneys left for an extended vacation in Europe. This is substantiated by her affidavit and a photo static copy of her ticket with the Alitalia Line. She did not return until October 18, 1965, which was still within the 45-day period. As soon as she returned to the office the papers required to place the case on the calendar were prepared. Numerous phone requests to the defendant’s attorney to supply plaintiffs with a copy of the report of their doctor’s examination went unheeded and on October 27, 1965 a formal demand was served. On October 28, 1965, within 10 days after the stenographer returned and still within the 45-day period, one of plaintiffs ’ attorneys appeared at the office of the Calendar Clerk and attempted to file his papers. He was then correctly informed by the Clerk that where a physical examination of the plaintiff is conducted prior to commencement of an action, the plaintiff must either afford the defendant an opportunity for a further examination or obtain a waiver from the defendant. The plaintiffs were now faced with the necessity of obtaining a waiver or serving a notice of further physical, in which latter event they would necessarily bring themselves beyond the 45-day period. On October 28, 1965 a phone call was made to the defendant’s attorney asking for a waiver, but such waiver was refused although, as shown by subsequent events, defendant never meant to conduct any further physical. It is quite evident that the defendant was determined to take technical advantage of its 45-day notice.
It appears that plaintiffs were unaware that under the rules they could have proceeded by order to show cause asking for leave to place the action on the calendar with a reservation of the right to serve the notice for a further physical. Instead, they proceeded to serve a notice of further physical examination which prevented them from placing the case on the calendar within the 45 days. On November 17, 1965, only 13 days after the expiration of the 45-day period, plaintiffs finally placed the case on the Trial Calendar of this court. The motion to dismiss was dated and served November 8, 1965 and was made returnable November 30, 1965, so that the case was on the calendar even before the return date of the motion.
It thus appears that the defendant, despite the telephone conversations of October 28, 1965 and with full knowledge of plaintiffs’ strenuous attempts to place this case upon the calendar, nevertheless hastened to serve a motion to dismiss on November 8,1965. Such conduct should not be rewarded where, as here, we have the following circumstances: the absence of *292 any inordinate delay; the existence of an adequate excuse for whatever delay there was; the partial responsibility of the defendant for some of the delay; the strenuous efforts of the plaintiffs to place the case on the calendar within 45 days; the short period of time between the expiration of the 45-day period and the placing of the case on the calendar; the running of the Statute of Limitations and the absence of prejudice. (Fischer v. Pan American World Airways, 16 N Y 2d 725; Dooley v. Gray, 22 A D 2d 791; Friedman v. Fortgang, 21 A D 2d 779; Carbonel v. Ocasio, 41 Misc 2d 33, affid. 19 A D 2d 799; Parshall v. Grand Leasing Corp., 17 A D 2d 953; Tricarico v. Kahan, 236 N. Y. S. 2d 173; Car-Vel Realty Corp. v. Ginsburg, 8 A D 2d 948; Schwab v. Port of N. Y. Auth., supra; Taylor v. Edwards, 48 Misc 2d 1041.)
The case of Garcia v. Sentry-Norden Oil & Heating Co. (18 A D 2d 789) cited by the defendant, is distinguishable. That case merely stands for the proposition that a defendant is entitled to a dismissal for lack of prosecution without the necessity of showing undue prejudice where there is inordinate delay and insufficient excuse for such delay.
To dismiss the action here for lack of prosecution would not only be contrary to the legislative intent inherent in the recent amendment to the statute (CPLR 3216; Dooley v. Gray, supra) but also would be a shocking injustice to the plaintiffs.
The dismissal of the complaint is vacated.