ANNA M. PLUMP et al., Plaintiffs, *v.* JOHN HARTH et al., Defendants.

District Court of Nassau County, First District, July 5, 1966.

*Sullivan & Thorp* for plaintiffs. *Lynch, Smith & Kelly* for John Harth, defendant. *Braham, Koehler & Garvin* for Elaine Reisman, defendant.

FRANCIS J. DONOVAN, J. This is a motion to vacate the dismissal which was made pursuant to rule 14 of the Rules of the Nassau County District Court. Substantial reasons are advanced in the moving affidavit to justify a favorable exercise of the court's discretion. However, because of its effect in several other matters now pending before the court, it is perhaps better to predicate the instant decision on the law.

Rule 14 of the Nassau County District Court Rules provides in substance that an action wherein all parties have appeared by attorney, which remains on the General Calendar for more than one year without a notice of trial being filed, shall be deemed abandoned and shall be dismissed for failure to prosecute unless for good cause shown before such dismissal the court extends the time for the filing of the notice of trial.

The rule does not provide for any notice to the plaintiff before such dismissal and in the instant case the first knowledge which came to the attorneys for the plaintiffs was on May 6, 1966, when a notice of trial was returned to them by the Clerk of the court with the advice that the action had already been dismissed pursuant to said rule 14.

The power to enact rules for the District Court is vested in the Appellate Division by section 2103 of the Uniform District Court Act. Such rules may not be '' inconsistent with * * * the CPLR ''.

Turning to the CPLR we find the controversial rule 3216 relating to dismissal for failure to file a notice of issue, rule provides: " Nor shall such a motion be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue and stating that the default by the plaintiff in complying with such demand within forty-five days after the service of such demand will serve as a basis for a motion by the defendant for dismissal against him for unreasonably neglecting to proceed."

The commentary by Professor Siegel (McKinney's Cons. Laws of N. Y., Book 7B, CPLR, 1966 Cum. Annual pocket part, pp. 210–218) sufficiently details the history and experience under rule 3216. Whatever differences of opinion may exist as to the application of rule 3216 to individual cases it seems obvious that there is a conflict between rule 3216 and rule 14 of the Rules of the Nassau County District Court. Such a conflict must be resolved by giving effect — so far as practical — to both rules.

The general purpose of rule 3216, as developed by Judge GULOTTA in *De Vita* v. *Metropolitan Distrs.* (45 Misc 2d 761) must be recognized, namely that the plaintiff must be given notice so that he has one last chance to move the case on for trial before a dismissal.

In its application to the instant case rule 14 of the rules of this court provided for no such notice and none was given.

Accordingly, the dismissal is hereby vacated and case restored to the General Calendar of this court.