Murray T. Feiden, J.
The defendant moves to dismiss this libel action pursuant to the first paragraph of CPLR 3216 because of plaintiff’s general delay in prosecuting the action. The application is made almost 8 months after plaintiff filed her note of issue.
The defendant stresses that four years and four months elapsed between the time that pretrial disclosure proceedings were completed and the time plaintiff served a note of issue and that the filing of the note of issue does not cancel out the delay. It is urged that the case of Commercial Credit Corp. v. Lafayette Lincoln-Mercury (17 N Y 2d 367) is dispositive of the instant application. While it is true that in that case and the instant one the periods of delay are similar and the motion to dismiss was made after the note of issue ivas filed, there are other important distinguishing factual elements which will hereinafter be discussed.
The thrust of the Commercial Credit Corp. case is that the 1964 amendment of CPLR 3216, which added a second paragraph requiring a 45-day notice, did not eliminate the first paragraph of the rule and that the amendment left intact the inherent power of this court to dismiss for general delay irrespective of the filing of the 45-day notice referred to in the second paragraph. That case does not represent an unconditional mandate to dismiss a case where there has been inordinate delay. There are other factors to be considered. Some of these factors are the degree of merit in plaintiff’s case, a demonstration of prey *702 udiee to defendant resulting from the alleged inordinate delay, the excuse for the delay, the running of the Statute of Limitations if the motion is granted, the existence of facts showing an intent to abandon the litigation, the defendant’s contribution to or acquiescence in the delay and the defendant’s delay in moving to dismiss. (Brown v. Weissberg, 22 A D 2d 282; Mulinos v. Coliseum Constr. Corp., 22 A D 2d 163; Parshall v. Grand Leasing Corp., 17 A D 2d 953; Floyd v. United Hosp. of Port Chester, 13 A D 2d 788; Car-Vel Realty Corp. v. Ginsburg, 8 A D 2d 948; Marco v. Sachs, 10 N Y 2d 542; Boyle v. Krebs, 18 A D 2d 1010; Rosenstein v. Rothenberg, 9 A D 2d 663; Richardson v. Erie R. R. Co., 280 App. Div. 958; Mladinich v. Livingston, 112 App. Div. 181; Davis v. Lyndel Corp., 216 N. Y. S. 2d 440, 442, mod. 16 A D 2d 802; Ostan v. 40 Realty, Inc., 11 A D 2d 710; Barnard v. Guaranteed Drilling Co., 12 A D 2d 670; Keller v. National Auto Renting Co., 10 A D 2d 578; Barnes v. Utility Lines, 12 A D 2d 524; Brill v. County of Westchester, 4 A D 2d 690; Levine v. City of New York, 3 A D 2d 682; De Vita v. Metropolitan Distrs., 45 Misc 2d 761; Sortino v. Fisher, 20 A D 2d 25, 32). See, also, the decisions of this court in Carbonel v. Ocasio, 41 Misc 2d 33, affd. 19 A D 2d 799 and Fulrock Realty Corp. v. New York City Tr. Auth., N. Y. L. J., Sept. 6, 1963, p. 12, col. 7 [Sup. Ct., Kings County, Spec. Term, Part I]), wherein the criteria to be used in a motion to dismiss for lack of prosecution are fully discussed. There is nothing in the Commercial Credit Corp. case opinion (supra) which bars consideration of the factors taken into account in the foregoing cases.
If we examine the facts in the instant case in the light of the foregoing authorities, we find the following pertinent factual elements which distinguish it from the Commercial Credit Corp. case. The defendant here has not attempted to show any prejudice resulting to it because of plaintiff’s delay, whereas the record on appeal in the Commercial Credit Corp. case discloses that the delay there resulted in substantial prejudice to the defendant in that the corporate defendant had long since discontinued its business; that its books and records had disappeared and their whereabouts were unknown; and that essential witnesses for the defendant could no longer be located.
Another persuasive and distinguishing factual element present in the instant case is that the defendant itself has participated in and has been guilty of unexplained delay. Thus, it appears that the defendant here waited 2 months before it served its answer and waited another 15 months before it served a notice of examination before trial. Furthermore, although the filing of the note of issue is no bar to the instant motion to dismiss *703 for general delay (Valentin v. Ina Holding Corp., 20 A D 2d 525), the court may take into consideration that the defendant did not make any timely motion to dismiss during plaintiff’s period of inactivity and waited until eight months after the plaintiff filed her note of issue. See Thompson v. Hook (18 A D 2d 710, 711); Mladinich v. Livingston (112 App. Div. 181, 183, 184, supra) where it was held that Special Term properly took into consideration defendant’s failure to move prior to the time plaintiff filed his note of issue and on such consideration denied the motion. The court notes that in the Commercial Credit case the defendant moved to dismiss three days after the plaintiff filed its note of issue.
The court is familiar with the line of cases holding that the duty of prosecuting an action rests on the one who prosecutes it (Sortino v. Fisher, 20 A D 2d 25, 30, supra; Hutnik v. Brodsky, 17 A D 2d 808; Balaka v. Stork Rest., 3 A D 2d 857), but even the oft cited Sortino case (p. 30) recognizes the fact that ‘There may, of course, be exceptions ” and, (p. 31) states that “ delays in which defendants are directly involved or contributory may excuse delay (e.g., Rosenstein v. Rothenberg, 9 A D 2d 663; Barnard v. Postle, 12 A D 2d 670) ”. In the instant case the defendant itself participated in and contributed to the delay in its leisurely pace in serving its answer, examining plaintiff before trial and moving to dismiss.
Although as between parties to an action the duty to prosecute lies primarily with the plaintiff, nevertheless the defendant, if it owes no duty to the plaintiff, at least owes a duty to the court to press for dismissal of the action for inordinate delay. The court does not condone plaintiff’s inactivity or defendant’s tardiness in making its motion to dismiss.
A defendant who rests on its oars for an inordinate period of time before making a motion to dismiss is not entitled to an assist from the court in reaching its destination. This is particularly true where, as here, it involves the exacting of the ultimate penalty from a plaintiff whose lawsuit would be barred by the one-year Statute of Limitations in libel eases and whose lawyer would be open to a malpractice suit. The defendant indicates that it did not move to dismiss upon the grounds of general delay sooner because the Commercial Credit Corp. case was not decided until June 2, 1966. The answer to that argument is that since the defendant is proceeding on technical grounds, it should also be bound by the technical rule that everyone is presumed to know the law. The fact that the defendant mistakenly relied on the case of Salama v. Cohen (16 N Y 2d 1058) in withdrawing its earlier motion to dismiss is therefore *704 no aid to it, particularly in view of the fact that the Commercial Credit Corp. case does not overrule the Saloma decision, nor does it represent any change in the law.* It merely reiterates the principles set forth in Roberts v. New York Post Corp. (24 A D 2d 714 [Sept., 1965]) and Mulinos v. Coliseum Constr. Corp. (22 A D 2d 163, supra [Dec., 1964]) that the second paragraph of CPLR 3216 does not abrogate the old procedure retained by the express language of the first paragraph.
Another important factor to be considered in this case is the fact that the affidavit of merits and the admissions in the defendant’s answer show a clear-cut and high degree of merit to plaintiff’s cause of action. Significantly, four other actions against other newspapers, based upon the same libel, have been disposed of or settled. It would be stretching one’s imagination to say that the plaintiff has evinced any intention to abandon her cause of action under these circumstances. The degree of merit of plaintiff’s action is an important consideration (Sortino v. Fisher, supra, p. 32; Brown v. Weissberg, 22 A D 2d 282, 285, supra).
This court is in accord with the general views expressed in De Vita v. Metropolitan Distrs. (45 Misc 2d 761-762, supra) where Mr. Justice Frank A. G-tjlotta stated: “ The function of any litigation should be to permit a fair adjudication of all disputed issues on the merits. This philosophy should be fostered and encouraged wherever possible. Unfortunately this purpose is sometimes frustrated because our adversary system of procedure on occasion lends itself to becoming a game of wits and strategy rather than a dispassionate search for the truth. One of the inequities of our practice is the situation which permits a defendant to lie stealthily in the shadows of his adversary’s inactivity in getting a case to trial, only to emerge, without warning, after the Statute of Limitations has run and deal his brother lawyer a lethal blow with a motion to dismiss for lack of prosecution.” The motion to dismiss is denied.

 See discussion of the Saloma and Commercial Credit Corp. decisions in the article by Wendell Davis, Jr., N. Y. L. J., July 11, 1966, front page, col. 6, and concurring opinion of Mr. Justice Benjamin in Lunn v. United Aircraft Corp. (26 A D 2d 698).